■ In the Matter of HIRAM D., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of the Family Court, New York County (Leah Ruth Marks, J.), entered May 13, 1991, which adjudicated respondent a juvenile delinquent and placed him on probation for a period of 18 months for acts which, if committed by an adult, would constitute attempted robbery in the first degree, attempted robbery in the second degree, attempted grand larceny in the fourth degree, assault in the third degree, and criminal possession of a weapon in the fourth degree, unanimously affirmed, without costs.

On or about October 18, 1990, respondent and two male accomplices approached complainant on York Avenue between 61st and 60th Streets in the City and County of New York and demanded her purse. When complainant refused, one assailant displayed a gun. Complainant screamed for help and another of the three grabbed complainant's earrings and

attempted to take her necklace, whereupon the third kicked complainant in the chest, knocked her to the ground and ordered her to stop screaming. Three male construction workers came to complainant's assistance, and the three assailants fled. One was immediately caught by a construction worker, and respondent and the third assailant were subsequently apprehended in a nearby garage. Respondent was identified at the scene by complainant as one of her attackers.

Respondent first appeared before the court on February 1, 1991, at which time a fact-finding hearing was scheduled for March 13, 1991. On March 13, the hearing was adjourned to April 9, 1991 as complainant was not present. While the reason does not appear on the record, respondent waived his right to a speedy fact-finding hearing for the period from April 1 through April 9, 1991. Respondent did not appear on April 9, at which time a bench warrant was issued. Respondent next appeared on a voluntary return on the warrant in the late afternoon of April 11, 1991. The matter was then adjourned to and the fact-finding hearing ultimately held on Monday, April 15, 1991.

Respondent contends that the evidence presented regarding his identity as a criminal participant was insufficient because complainant erroneously stated that respondent was the assailant who took her earrings and attempted to snatch her necklace and that he was the one caught by a construction worker. However, according to the testimony of one of the arresting officers, the assailant detained by the civilian and respondent are both light-skinned Hispanics of similar age with close-cropped, brown, curly hair, brown eyes and small builds who were wearing similar sweatshirts at the time of the robbery. Family Court found that there was "absolutely no doubt" that respondent was one of the attackers.

It is immaterial whether respondent was the assailant who grabbed complainant's earrings or the one who kicked her in the chest as there is no distinction between criminal liability as a principal and as an accessory *(People v Duncan,* 46 NY2d 74, 79-80, *cert denied* 442 US 910; *People v Katz,* 209 NY 311, 325-326). Nor can it be said that the record is insufficient to sustain the court's finding. Respondent was apprehended in close proximity to the location of the crime and was immediately identified by complainant as one of her assailants.

Respondent also alleges that he was deprived of his right to a speedy fact-finding hearing. Where, as here, the respondent is not being held in detention, a fact-finding hearing is required to be conducted within 60 days after conclusion of the

initial appearance (Family Ct Act § 340.1 [2]). Respondent made his initial appearance on February 1, 1991 and waived the right to a speedy hearing for the nine-day period from April 1 through April 9, 1991. Deducting the nine days attributable to respondent's waiver, the statutory period concluded on April 11, 1991 (General Construction Law § 20), the date of respondent's voluntary appearance on the return of the bench warrant.

Respondent's contention that the adjournment from April 11 to April 15, 1991 violates the provisions of Family Court Act § 340.1 (4) (a), limiting adjournment to three days upon a showing of good cause by the presentment agency, is without merit. On April 11, with respect to the fact-finding hearing (originally scheduled for April 9), respondent's attorney stated: "He is on parole status. Apparently, he is still continuing to go to school. I would ask the court to put it down for another date." Although the court subsequently remanded respondent pending the hearing, it is clear that his counsel requested the adjournment, which in all respects complies with the statute (Family Ct Act § 340.1 [4] [b]). That the Assistant Corporation Counsel was consulted as to the rescheduling of the hearing date does not transform the application into one made by the presentment agency, and the record is sufficiently clear to permit the conclusion that the adjournment was granted on consent (cf., Matter of Randy K., 77 NY2d 398). Thus, the court timely commenced the fact-finding hearing on Monday, April 15, 1991. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.