■ In the Matter of CARLTON E., a Person Alleged to be a Juvenile Delinquent, Respondent. [611 NYS2d 531] —Order of the Family Court, New York County (Jeffry Gallet, J.), entered January 13, 1993, which granted a motion by the respondent, Carlton E., to dismiss, without prejudice, the juvenile delinquency petition against him, is unanimously reversed, on the law and facts, and the petition is reinstated and remanded for further proceedings, without costs or disbursements.

The Family Court, in this matter, committed reversible error when it dismissed the petition charging respondent with the attempted rape and sexual abuse of two nine year old children based upon the Presentment Agency's purported failure to timely proceed with the fact-finding hearing.

Section 340.1 of the Family Court Act sets forth the "speedy hearing" provisions governing juveniles before the court in delinquency proceedings. A non-detained respondent, as here, must be brought before a fact-finding hearing within 60 days of his initial appearance (Family Ct Act § 340.1 [2]). That date in this case was November 6, 1992, the date specified in the order of removal to the Family Court by the New York County Supreme Court (Family Ct Act § 340.1 [3]). The section further provides that the Family Court may adjourn the hearing for up to 30 days on its own motion (Family Ct Act § 340.1 [4] [a]), or upon a showing of "good cause", on motion of the Presentment Agency (Family Ct Act § 340.1 [4] [a]) or the respondent (Family Ct Act § 340.1 [4] [b]). In addition, further adjournments may be granted upon a showing of "special circumstances" (Family Ct Act § 340.1 [6]).

It is true that the adjourned hearing date of January 13, 1993 was the 68th day, rather than the mandated 60th day from the date of respondent's initial appearance. However, the record shows that at the December 15, 1992, fact-finding hearing, the respondent's law guardian expressly waived his right to a speedy hearing under the Family Court Act and the subsequent adjournment was ordered by the Family Court upon mutual consent of the parties (see, Matter of Hiram D., 189 AD2d 730, 732). The Family Court inexplicably chose to overlook this prior adjournment, further delay caused by the law guardian's unexplained absence on December 14, 1992, when the matter was scheduled for hearing, as well as the law guardian's subsequent lateness for the fact-finding hearing on January 13, 1993. Instead, again inexplicably, it chose to deny the Presentment Agency's request for a minimal one-hour adjournment to confer with the two nine year old witnesses who had arrived late on the morning in question, before they testified to the very serious charges of attempted rape and sexual abuse. The Presentment Agency demonstrated the requisite "good cause" and "special circumstances" for the minimal one-hour adjournment requested, and the Court abused its discretion in denying such adjournment and dismissing the petition (see, Matter of Carlos T., 187 AD2d 38). Concur—Carro, J. P., Kupferman, Asch, Nardelli and Williams, JJ.