■ In the Matter of PIERRE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [619 NYS2d 36] —Order of disposition, Family Court, New York County (Sheldon Rand, J.), entered May 26, 1993, adjudicating respondent a juvenile delinquent following a fact-finding hearing that he had committed an act which, if committed by an adult, would have constituted the crime of attempted grand larceny in the fourth degree and placing him with the New York State Division for Youth for a period of 12 months, unanimously affirmed, without costs.

Respondent urges that it was a violation of Family Court Act § 340.1 to conduct the fact-finding hearing 70 days after his initial court appearance on this docket number. However, he does not challenge the court's finding that there was good cause pursuant to subdivision (4) of section 340.1 to adjourn the matter for nine days past the mandated 60-day period of subdivision (2) of section 340.1 due to the arresting officer's illness. Rather, he complains that the court, after conducting a suppression hearing and immediately issuing a decision from the bench, adjourned the fact-finding hearing until the following morning notwithstanding that it was nearly 6:00 P.M.

While it is true that calendar congestion is not an acceptable reason for successive adjournments (Family Ct Act § 340.1 [6]; *see, Matter of Frank C.,* 70 NY2d 408, 411), and the Judge explained that he was exhausted from having already heard 140 cases that day, it was entirely reasonable, under the circumstances, to begin the fact-finding hearing, which was scheduled to take place immediately after the suppression hearing, the next morning *(see, Matter of Levar A.,* 200 AD2d 443).

Respondent's contention that the evidence submitted at the fact-finding hearing was inadequate to support the finding that, had he been an adult, he would have committed the crime of attempted grand larceny in the fourth degree is

without merit. The offense of larceny is complete when there has been " 'a taking or severance of the goods from the possession of the owner' and even momentary possession of another's property by the accused is sufficient" *(People v Smith,* 140 AD2d 259, 260-261, *lv denied* 72 NY2d 924). The court was, therefore, warranted in finding that when respondent took a backpack from another student on the bus and rummaged through it, and the student had to grab back a book to recover it, respondent had committed an act, which if done by an adult, would constitute the crime of attempted grand larceny in the fourth degree. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.