■ In the Matter of KAERON H., a Person Alleged to be a Juvenile Delinquent, Appellant. [959 NYS2d 42]—

Order of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about September 19, 2011, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, and placed him with the Office of Children and Family Services for a period of up to 18 months, unanimously affirmed, without costs.

There was no violation of appellant's right to a speedy fact-finding hearing. Appellant consented to the only adjournment at issue. It is apparent that the minutes of the March 9, 2011 proceeding erroneously attribute appellant's counsel's express declaration of consent to counsel for another respondent in the Family Court proceeding. Given that counsel for both co-respondents had just agreed to waive speedy trial time and that only appellant's counsel was being addressed by the court, it is evident that it was appellant's counsel, and not, as the transcript indicates, one of the other counsel, who agreed next. The court also made its own contemporaneous notation that appellant's counsel had waived any speedy trial challenges to this adjournment, and appellant did not challenge this characterization of the record.

Although appellant appeared before the court on two cases that day, we reject his argument that any waiver applied only to the other case. Appellant knew that both cases had been called, and did not limit his waiver to the other case or otherwise object to adjourning this case. The record is therefore "sufficiently clear to permit the conclusion that the adjournment was granted on consent" (*Matter of Hiram D.*, 189 AD2d 730, 732 [1st Dept 1993]). Concur—Tom, J.P., Saxe, Moskowitz, Abdus-Salaam and Gische, JJ.