■ In the Matter of KALIEK G., a Person Alleged to be a Juvenile Delinquent, Respondent. In the Matter of LUIS Z., a Person Alleged to be a Juvenile Delinquent, Respondent. [27 NYS3d 154]—

Orders of dismissal, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about December 6, 2013, which dismissed, on speedy trial grounds, juvenile delinquency peti-

tions filed against respondents, unanimously reversed, on the law and as an exercise of discretion, without costs, the petitions reinstated, and the matters remanded for further proceedings.

The court improvidently exercised its discretion in dismissing the petitions instead of finding special circumstances and adjourning the proceedings to the following morning, after granting an adjournment for good cause to day 90 (*see* Family Ct Act § 340.1 [2], [6]; *Matter of Frank C.*, 70 NY2d 408, 414 [1987]; *Matter of David W.*, 241 AD2d 388, 391 [1st Dept 1997]). The court had allotted only two hours to complete the suppression hearing, hold an independent source hearing if needed, and commence fact-finding on December 5, 2013. Among other things, the presentment agency could not have anticipated respondents' attorneys' prior need to cut the proceedings short on September 16, 2013 due to their hearings in other parts. Nor could it have anticipated that the court, upon granting the motion to suppress, would not allow the independent source hearing to proceed at 4:00 p.m. on December 5, 2013, where the presentment agency noted that the complainant was available, and that it was ready to proceed with the independent source hearing at that time (*see Matter of Lawrence C.*, 152 AD2d 693 [2d Dept 1989]; *Matter of Carlton E.*, 204 AD2d 108, 109 [1st Dept 1994]; *see also Matter of Pierre B.*, 210 AD2d 3 [1st Dept 1994]).

The presentment agency also argues that, by entertaining respondents' untimely suppression motions, the court prevented it from commencing a timely fact-finding hearing. However, we find that the court properly exercised its discretion in entertaining the motions. Therefore, we find it unnecessary to decide whether the presentment agency's request for additional relief regarding the court's suppression orders is properly encompassed within this appeal from the dismissal orders. Accordingly, the matters are remanded for an independent source hearing, to be followed by a fact-finding hearing. Concur—Friedman, J.P., Andrias, Saxe and Kapnick, JJ.