■ In the Matter of MICHELLE BB., a Person Alleged to be a Juvenile Delinquent, Respondent. TOMPKINS COUNTY ATTORNEY, Appellant.—Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered January 31, 1992, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

It is not disputed that respondent did not receive a fact-

finding hearing within the initial prescribed period of 60 days as required by Family Court Act § 340.1 (2). In fact, 168 days passed after her initial appearance without commencement of the fact-finding hearing. Nor is it claimed that "good cause" or "special circumstances" were shown to excuse the various adjournments (Family Ct Act § 340.1 [4] [a]; [6]). The reason furnished by Family Court for each adjournment until the last pretrial conference was that the matter was "adjourned for further settlement discussions". Family Court was required to consider "[r]equests for adjournments * * * in light of the statutory standards" (Matter of Frank C., 70 NY2d 408, 414). Given that the adjournments were not based on any claim of "good cause" or "special circumstances", Family Court did not err in granting respondent's motion to dismiss on the ground that her right to a speedy fact-finding hearing under the statute was violated (see, supra, at 415).

Nor do we agree with petitioner's contention that the conduct of respondent's Law Guardian amounted to a waiver or an "acquiescence in and ratification of the passage of more than 60 days". Initially, we note that the Law Guardian never specifically agreed to a date for a fact-finding hearing (cf., Matter of Raymond B., 160 AD2d 936). And, even if his conduct at the pretrial conference held on November 14, 1991 could be deemed a waiver, at that point 97 days had already passed since respondent's initial appearance on August 9, 1991. Moreover, the Law Guardian was not empowered to grant adjournments; it was for the court, not the parties, to determine whether the hearing would be adjourned (see, Matter of Vincent M., 125 AD2d 60, 63, affd 70 NY2d 793). Furthermore, a court's reason for ordering an adjournment must be stated on the record (see, Matter of Randy K., 77 NY2d 398, 402-403).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.