In the Matter of TOMMY C., a Person Alleged to be a Juvenile Delinquent, Respondent. WESTCHESTER COUNTY ATTORNEY, Appellant.

Second Department, October 26, 1992

APPEARANCES OF COUNSEL

*Marilyn J. Slaatten, County Attorney of Westchester County,* White Plains *(Carol L. Van Scoyoc* and *Vincent M. Cascio* of counsel), appellant *pro se.*

*John F. Clennan,* Ronkonkoma, for respondent.

**OPINION OF THE COURT**

ROSENBLATT, J. P.

The case before us involves interpretation of the statutory deadlines for fact-finding hearings in juvenile delinquency proceedings. Family Court Act § 310.2 is a general provision, entitling the juvenile to a speedy fact-finding hearing. Family Court Act § 340.1 (2) is specific, and requires that, if the respondent is not in detention, a fact-finding hearing shall commence within 60 days after the conclusion of the juvenile's "initial appearance" *(see,* Family Ct Act § 320.1).

When a juvenile delinquency petition is dismissed for facial insufficiency, and a second petition is filed, does the 60-day statutory deadline run from the time of the juvenile's initial appearance on the first or second petition? This question, now before us, is one of first impression in the appellate courts of New York State. We conclude that the deadline runs from the initial appearance on the first petition.

By designated felony petition dated June 18, 1990, in the Family Court, Westchester County, the respondent was charged with committing acts which, if committed by an adult, would constitute the crimes of sodomy in the first degree (two counts) and sexual abuse in the first degree (two counts). On June 27, 1990, the respondent made his first appearance in the Family Court on the petition.

Thereafter, the respondent moved to dismiss the petition, asserting that it was defective because it failed to set forth any nonhearsay factual allegations. The Family Court (Tolbert, J.) agreed with the respondent and, accordingly, dismissed the petition by order dated August 10, 1990.

On October 29, 1990, 124 days after the respondent's initial appearance on the first petition, the presentment agency

brought a second designated felony petition, charging the respondent with the same acts as in the first petition. The respondent moved to dismiss the second petition, asserting that his right to a timely fact-finding hearing had been violated because no fact-finding hearing had commenced within 60 days after his appearance on the initial petition. The Family Court agreed, relying upon judicial interpretations of analogous speedy trial provisions of the CPL, and dismissed the second petition.

The appellant does not claim that the lapse of time was occasioned by "good cause" (Family Ct Act § 340.1 [4] [b]), or "special circumstances" (Family Ct Act § 340.1 [6]). Indeed, it never requested any adjournment, nor was one ever ordered. Instead, it argues that the time limitation for holding the fact-finding hearing began anew upon the respondent's appearance on the second petition.

Family Court Act § 303.1 (2) provides: "A court may * * * consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of this article [on juvenile delinquency]".

We find it proper to look to judicial interpretations of CPL 1.20 (17) to help answer the question before us. CPL 30.30 sets forth the time periods within which the prosecution must be ready for trial following the commencement of a criminal action. CPL 1.20 (17) provides: "A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court, and, if more than an accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed."

In *People v Lomax* (50 NY2d 351, 356), the Court of Appeals interpreted CPL 1.20 (17) to mean that: "there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action. This is so even in cases such as this, where the original accusatory instrument was dismissed outright and the defendant was subsequently haled into court under an entirely new indictment". Thus, the court held that where the original accusatory instrument is dismissed, and another one is later filed, the prosecution must be ready for trial within six months after the first instrument is filed *(see also, People v Osgood,* 52 NY2d 37; *People v Cortes,* 80 NY2d 201, 207, n 3).

Although the Family Court Act does not contain a provision similar to CPL 1.20 (17), the principles expressed in *Lomax (supra)* and *Osgood (supra)* as to when a criminal action is commenced parallel the legislative intent underlying the speedy fact-finding hearing provisions of the Family Court Act.

The appellant asserts that in dismissing the second petition, the Family Court erroneously relied upon judicial interpretations of the CPL. We disagree, and we hold that the Legislature intended that the time period in issue begins to run from the date of the initial appearance on the first petition, and that a fact-finding hearing must be held within 60 days thereafter, subject to adjournments granted for cause, relief not sought in the case before us.

We find unpersuasive the appellant's assertions that because the Court of Appeals, in *Matter of Frank C.* (70 NY2d 408), held that the speedy trial provisions of the CPL and the Family Court Act are not "analogous", judicial interpretations of the speedy trial provisions of the CPL are uninstructive here. Although in *Matter of Frank C.,* the Court of Appeals found no genuine analogy between the speedy trial provisions of the CPL and the Family Court Act, the court's analysis in interpreting Family Court Act § 340.1 centered on the overarching legislative concern that juveniles be brought to trial promptly. The court noted, by way of contrast, that the CPL is "aimed principally at prosecutorial delays rather than at the larger problem of bringing criminal defendants swiftly to trial" *(Matter of Frank C., supra,* at 412-413). The court pointed out that Family Court Act § 340.1 is not a prosecutorial readiness rule *(see also, Matter of Randy K.,* 77 NY2d 398, 404), but "a true 'speedy trial' provision, in that both its language and its underlying purpose are directed toward bringing the accused juvenile to trial" within the mandated time periods *(Matter of Frank C., supra,* at 413). Thus, while the court acknowledged that under the CPL, delays in bringing an accused to trial are excused if the delays are beyond the prosecution's control, the court refused to afford those allowances to presentment agencies in the context of juvenile delinquency fact-finding hearings *(see also,* Family Ct Act § 340.1 [6]).

In *Matter of Randy K.* (77 NY2d 398, 402, *supra),* the Court of Appeals held that the strict time requirements of Family Court Act § 340.1 may not be waived, even by a respondent's

willful failure to appear at a fact-finding hearing, and that even if the juvenile has absconded, the presentment agency must, nonetheless, comply with Family Court Act § 340.1 (4), (5) and (6), by moving to adjourn the fact-finding hearing. Thus, in *Matter of Randy K.*, the agency did not prevail even though the juvenile himself was entirely responsible for thwarting the fact-finding hearing. The case before us is stronger yet in compelling dismissal, considering that the delay was occasioned by the presentment agency, with no fault on the part of the juvenile *(cf., Matter of Faruq F., —* AD2d — [decided herewith]).

Beyond the legislative intent and the instructive decisional law, there are implausible consequences that would follow if we do not measure the deadline from the respondent's first appearance on the initial petition. The short of it is that the time limitations could be circumvented and postponed repeatedly by filing successive petitions, each starting the clock anew, to the evisceration of the speedy fact-finding hearing concept itself.

We hold here that in juvenile delinquency proceedings the date of the respondent's appearance on the original petition fixes the time from which the period of limitations for holding the respondent's fact-finding hearing is to be calculated *(see, Matter of J. V.,* 127 Misc 2d 780; *Matter of Jessie C., —* Misc 2d — [Fam Ct, Kings County, Apr. 1, 1992]). Because the Presentment Agency failed to commence a fact-finding hearing within 60 days after the date of the respondent's initial appearance on the original petition, the respondent's right to a timely fact-finding hearing was violated and the petition was properly dismissed. Accordingly, the order appealed from is affirmed, without costs or disbursements.

MILLER, RITTER and PIZZUTO, JJ., concur.

Ordered that the order is affirmed, without costs or disbursements.