In the Matter of SHANNON FF., a Person Alleged to be a Juvenile Delinquent, Respondent. TOMPKINS COUNTY ATTORNEY, Appellant.

Third Department, April 15, 1993

**APPEARANCES OF COUNSEL**

*Robert C. Mulvey,* Ithaca *(Jonathan Wood* of counsel), for appellant.

*Carol Grumbach, Law Guardian,* Ithaca, for respondent.

OPINION OF THE COURT

CASEY, J.

Family Court Act § 340.1 (2) provides that the fact-finding hearing in a juvenile delinquency proceeding "shall commence not more than sixty days after the conclusion of the [juvenile's] initial appearance". At issue in this case is whether, in a situation where a juvenile delinquency petition is dismissed for facial insufficiency and a second petition is filed, the 60-day deadline runs from the time of the juvenile's initial appearance on the first petition. In our view, Family Court correctly determined that the time period in issue began to run from the date of the initial appearance on the first petition. Accordingly, because no fact-finding hearing had been commenced within 60 days after respondent's appearance on the initial petition, the court properly dismissed the second petition.

As the Court of Appeals has observed, the Family Court Act's speedy hearing provisions were meant to "assure swift and certain adjudication at all phases of the delinquency proceeding" *(Matter of Frank C.,* 70 NY2d 408, 413). The speedy hearing requirements are "to be strictly construed" *(Matter of Erik N.,* 185 AD2d 433, 435; *see, Matter of Randy K.,* 77 NY2d 398). We also find it proper, as did the Second Department in a recent case on strikingly similar facts, to look at the Court of Appeals interpretations of criminal statutory speedy trial provisions *(see, Matter of Tommy C.,* 182 AD2d 312). In *People v Osgood* (52 NY2d 37, 43), the Court of Appeals noted that there can only be one criminal action for each set of charges and ruled that the prosecutor's statutory obligation under CPL 30.30 to be ready for trial within six months after the filing of a felony complaint could not be postponed when the initial accusatory instrument was dismissed and was replaced by a second one *(see, People v Lomax,* 50 NY2d 351). We reject petitioner's assertion that because the first petition was not dismissed on speedy trial grounds, the principles set forth in *Osgood* do not apply.

Petitioner also contends that if a respondent waits for 30 days after the initial appearance before moving to dismiss the petition for legal insufficiency *(see,* Family Ct Act § 332.2 [1]) and the court does not immediately decide the motion, the presenting agency will effectively be foreclosed from filing a new petition if the motion is ultimately granted. Here, how-

ever, respondent orally moved to dismiss the petition at the initial appearance and Family Court granted the motion at that time. Although the order of dismissal was not filed for several weeks, petitioner clearly had ample time and opportunity to prepare and file a new petition before the 60-day period expired. Accordingly, we need not address petitioner's concern in the event of a delay in making or deciding the motion.

MIKOLL, J. P., LEVINE, CREW III and HARVEY, JJ., concur.

Ordered that the order is affirmed, without costs.