■ In the Matter of SHERMAN WW., Alleged to be a Juvenile Delinquent, Appellant. ASSISTANT COUNTY ATTORNEY OF TOMPKINS COUNTY, Respondent. [603 NYS2d 203] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Friedlander, J.), entered March 30, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was the subject of a juvenile delinquency petition charging an act which, if committed by an adult, would constitute the crime of sodomy in the first degree *(see,* Penal Law § 130.50 [3]), a class B felony. Respondent, who was not in detention, made his initial appearance in this matter on October 7, 1991, at which time Family Court directed that respondent undergo a mental health evaluation, the results of which were due on November 14, 1991. In the interim, on or about October 30, 1991, Family Court apparently issued a second order directing that the required evaluation be completed by December 14, 1991. Thereafter, on or about January 2, 1992, the Law Guardian then representing respondent

moved to dismiss the petition on speedy trial grounds. Family Court denied the motion and the fact-finding hearing was ultimately held on January 10, 1992. Following a dispositional hearing, Family Court adjudicated respondent a juvenile delinquent and ordered that he be placed on probation for a period of two years. This appeal by respondent followed.

There must be a reversal. Family Court Act § 340.1 (2) provides that where, as here, the respondent is not in detention, "the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance".[1] Although Family Court may grant an initial 30-day adjournment "for good cause shown" (Family Ct Act § 340.1 [4] [a], [b]), it must state on the record the reason for any such adjournment (Family Ct Act § 340.1 [5]) and successive adjournments shall not be granted absent a showing, on the record, of "special circumstances" (Family Ct Act § 340.1 [6]). The Court of Appeals has made it clear that these time limits are to be strictly enforced and that dismissal is the appropriate remedy for failing to comply with the statutory mandate (see, Matter of Randy K., 77 NY2d 398, 403; Matter of Lakiesha Y., 195 AD2d 821, 821-822).

It is undisputed that respondent did not receive a fact-finding hearing within the initial 60-day period prescribed by Family Court Act § 340.1 (2). Although petitioner contends that there can be no speedy trial violation because the Law Guardian then representing respondent agreed, on or about October 30, 1991, to delay the start of the fact-finding hearing pending the filing of the court-ordered mental health evaluation, this argument ignores several important points. First, the Law Guardian was not empowered to grant an adjournment; only Family Court could appropriately determine whether the hearing should be adjourned (see, Matter of Michelle BB., 186 AD2d 856, 857). To that end, there is no indication in the record that a formal adjournment was actually requested or granted, either on that date or at any point prior to the expiration of the 60-day period.[2] Moreover, although it appears that the hearing was in fact adjourned at

---

1. Having initially appeared in Family Court on October 7, 1991, respondent should have received a fact-finding hearing no later than December 6, 1991.

2. Although Family Court did grant an adjournment on December 19, 1991, arguably at respondent's behest, the statutory deadline had already expired as of that date. If anything, this would appear to constitute a successive adjournment within the meaning of Family Court Act § 340.1 (6), for which special circumstances would need to be shown.

some point between October 30, 1991 and December 19, 1991, there is nothing in the record to suggest that Family Court determined that any such adjournment was for good cause. Finally, even assuming that the requested mental health evaluation was the source of the delay in conducting the fact-finding hearing, this would not justify an adjournment beyond the statutory period *(cf., Matter of Eric N.,* 185 AD2d 433, 435) and does not excuse Family Court's failure to comply with the statutory mandate *(see, Matter of Randy K.,* 77 NY2d 398, 403, *supra; Matter of Michelle BB., supra,* at 857; *cf., Matter of Lakiesha Y.,* 195 AD2d 821, 822, *supra).* In light of the foregoing, the petition must be dismissed.

Yesawich Jr., J. P., White, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.