■ In the Matter of JAMAR A., a Person Alleged to be a Juvenile Delinquent, Appellant. [615 NYS2d 34] —Order of disposition of the Family Court, Bronx County (Harold Lynch, J.), entered on or about April 22, 1993, which adjudicated respondent-appellant a juvenile delinquent and placed him with the New York State Division for Youth for a period of one year, is reversed, on the law, and the petition is dismissed.

Respondent was denied a speedy hearing (Family Ct Act § 340.1). The delinquency petition was filed on December 3, 1992. Respondent appeared on that date, and the court scheduled a fact-finding hearing for January 11, 1993, thirty-nine days later. The parties appeared on January 11, but the prosecutor requested an adjournment. The court set an adjourned date for the hearing on January 20th, forty-eight days after the initial appearance. On the rescheduled date, respondent failed to appear, and the court rescheduled the hearing to February 1, 1993. On February 1, 1993, after respondent again failed to appear, the court found good cause to adjourn the hearing to March 1, 1993, beyond the sixty-day requirement of Family Court Act § 340.1 (2). On February 25, 1993, respondent and his mother appeared unexpectedly in court. When the prosecutor requested an adjournment to obtain the attendance of witnesses, the court adjourned the hearing to March 10, 1993.

Because the court failed to make a finding as required by Family Court Act § 340.1 (5) and (6) on the record of special circumstances warranting the successive adjournment beyond the statutory period, the petition must be dismissed *(see, Matter of Nakia L.,* 81 NY2d 898; *Matter of Randy K.,* 77 NY2d 398; *Matter of Frank C.,* 70 NY2d 408).

251

Nor can the adjournment be justified on the ground of consent or waiver. The mere fact that respondent's counsel said "[t]hank you" to the court after the court set the adjourned date does not constitute acquiescence or consent (see, Matter of Michelle BB., 186 AD2d 856; Matter of Randy K., supra). Concur—Murphy, P. J., Rosenberger and Williams, JJ.

Ross and Rubin, JJ., dissent in a memorandum by Rubin, J., as follows: The presentment agency filed a delinquency petition in Family Court on December 3, 1992, charging this eleven-year-old respondent with acts constituting the crimes of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal mischief in the third and fourth degrees, unauthorized use of a vehicle in the third degree, criminal possession of stolen property, and petit larceny. Jamar A. appeared in court that day and denied the charges. He was paroled to the custody of his mother. The court scheduled a fact-finding hearing for January 11, 1993, 39 days later, at which time the prosecutor was not ready to proceed. The court therefore adjourned the hearing to January 20, 1993, 48 days after Jamar's initial appearance.

Jamar and his mother appeared at the courthouse in the morning of January 20, but left before the hearing began. After Jamar's attorney declined to waive the speedy trial requirement, the court re-scheduled the hearing for February 1, 1993, exactly 60 days after his initial appearance. When Jamar failed to appear on that date, the court issued a warrant. Then, after finding "good cause" based on his failure to return for trial (Family Ct Act § 340.1 [4] [a]), the court adjourned the matter a second time to March 1, 1993.

On February 25, 1993, however (84 days after the initial appearance), Jamar suddenly appeared in court with his mother. She explained that he missed the appointed hearings because she could not find anyone to watch her two other children. Petitioner requested that Jamar be remanded, a request that the court denied after his mother gave her assurance that she would bring her son back on any date a hearing was scheduled. As Jamar's appearance on this particular occasion was unscheduled and unexpected, the presentment agency indicated the need for a few days to secure the attendance of its witnesses. The court's initial suggestion of March 8th (day 95) was rejected by the Law Guardian. The court then suggested March 10th (day 97), whereupon the Law Guardian thanked the court and the proceeding concluded.

Notwithstanding his expression of gratitude for the adjourn-

ment to March 10, the Law Guardian moved to dismiss the petition on speedy hearing grounds by way of an application returnable on March 8, arguing that Family Court failed to find "special circumstances" before adjourning this case a second time (Family Ct Act § 340.1 [6]) and that, in any event, no such special circumstances existed. Further, the Law Guardian argued, an adjournment of 13 days was excessive. The prosecutor's opposing papers note that the court adjourned the case to a date agreeable to the parties and that, since respondent did not raise this objection at the hearing, he implicitly gave his consent. In response, respondent pointed to *Matter of Michelle BB.* (186 AD2d 856), in which the Appellate Division, Third Department rejected a similar claim on the ground that, absent express consent, mere acquiescence to the passage of the statutory speedy hearing period does not constitute an implied waiver of this right.

On the March 10 adjourned date, Family Court denied the motion to dismiss. After several days of hearings, the court determined that Jamar had committed acts which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree and placed him with the New York State Division for Youth for a period of one year.

Where the respondent is not in detention, the Family Court Act requires a fact-finding hearing to commence within 60 days after the conclusion of the initial appearance (§ 340.1 [2]). The court may, however, adjourn the hearing for not more than 30 days "for good cause shown" (§ 340.1 [4] [a]). Successive adjournments may only be granted upon a "showing, on the record, of special circumstances" (§ 340.1 [6]).

In this case, the statutory 60-day period expired on February 1, 1993, at which time the court found good cause for adjournment, based on Jamar's failure to appear, and set the matter down for hearing on March 1, 1993. Jamar does not contest the propriety of this first adjournment. When Jamar appeared unexpectedly on February 25, 1993, the court adjourned the hearing until March 10th, 97 days after the initial appearance.

On appeal, respondent argues that this adjournment violates the obligation to make a finding of "special circumstances" before adjourning beyond the 90th day after the initial appearance (Family Ct Act § 340.1 [6]; *Matter of Frank C.,* 70 NY2d 408, 410, 414). Respondent contends that this finding must be stated explicitly in order to provide a basis for review *(Matter of Frank C., supra,* at 414-415) and that the prosecutor's need to arrange the appearance of her witnesses

cannot be interpreted as satisfying this requirement. Thus, he argues, the Family Court failed to abide by the statute and dismissal is required.

Whether a particular situation constitutes special circumstances under the statute "is a matter that must be decided on a case-by-case basis, with due regard to the stated legislative goal of prompt adjudication" (supra, at 414). Matter of Frank C. is distinguishable in this respect. In that case, the Court of Appeals found that the record reflected "no contention that there were 'special circumstances' or even 'good cause' for the successive adjournments that delayed respondent's fact-finding hearing for some 218 days after the initial appearance on the presentment agency's petition" (supra, at 411). In the matter under review, in which the juvenile appeared unexpectedly on a date no hearing was scheduled, the need for the presentment agency to arrange for the appearance of a witness constitutes "special circumstances" within the contemplation of the statute (Family Ct Act § 340.1 [6]). To hold otherwise would impose an unreasonable burden on the prosecution, requiring witnesses to remain continuously available and ready to testify whenever, and if ever, the juvenile deigned to appear at court. The goal of prompt adjudication does not require the presentment agency to assume such an onerous undertaking. Furthermore, while an explicit finding of special circumstances may be preferable, the record in this matter and the context of the adjournment provide a sufficiently clear basis for our review.

Respondent next argues that, even assuming special circumstances warranted adjournment, the period of time granted was unreasonably long and therefore improper. Respondent contends that a court should only adjourn for the amount of time actually needed and that a 13-day adjournment, in response to the prosecutor's request for "a couple of days", is unreasonable.

This argument is not convincing. Notably, the statute allows for successive adjournments of up to 30 days (Family Ct Act § 340.1 [4] [a]; [6]). Moreover, the court originally suggested a date only 11 days hence. It was to accommodate the Law Guardian that the court settled on March 10, 1993. In any event, 13 days is hardly an unreasonable delay.

Finally, respondent's contention that Family Court erred in determining that he waived his right to a speedy hearing is without substance. Even if it were to be conceded that Family Court did not comply with its statutory burden to make a

finding that special circumstances warrant subsequent adjournment, the record reveals that the Law Guardian at least consented to, if not sought, the adjournment. The following colloquy took place:

"THE COURT: What date will you have your witness ready?

"MS. KENNEDY: I could have them ready, Your Honor, within a couple of days.

"THE COURT: March 8th. The matter is adjourned to March 8th.

"MR. KESSLER [Law Guardian]: That is not a good date, Your Honor.

"THE COURT: March 10, Part III, for trial. Parole is continued. That's it.

"MR. KESSLER: Thank you Judge."

Respondent submits that the Law Guardian did not expressly and clearly consent to the adjournment and that his mere failure to object is not tantamount to consent *(People v Liotta,* 79 NY2d 841, 843; *Matter of Michelle BB.,* 186 AD2d 856, *supra).* Respondent insists that the Law Guardian's "Thank you Judge", after the court set March 10 for the hearing, cannot be construed as consent to the adjournment.

The cases cited by respondent in support of this argument are distinguishable. *People v Liotta (supra)* involved the somewhat analogous speedy trial provision applicable to adult prosecutions (CPL 30.30). Unlike the Family Court speedy hearing provision, however, the speedy trial provision is a constitutional right *(see, People v Singer,* 44 NY2d 241, 253-254) that can only be waived by a clearly expressed intent to relieve the People of their responsibility.

In *Matter of Michelle BB. (supra),* which does involve the Family Court Act, the Appellate Division, Third Department rejected a purported waiver on the ground that the Law Guardian, on the 97th day, "never specifically agreed to a date for a fact-finding hearing" (186 AD2d, *supra,* at 857), and 168 days actually elapsed without commencement of the hearing. In the instant case, by contrast, the Law Guardian specifically agreed, within the statutory period, to the hearing date proposed by the court.

A juvenile should not be permitted to evade disposition of the petition by his failure to appear for a fact-finding hearing. It should be apparent that "a rule which permits respondents to evade the law by their own acts or omissions" does not advance the interest of justice or further "the community's need for protection" *(Matter of Randy K.,* 77 NY2d 398, 410

[Kaye, J., dissenting]). "The majority's assumption that permitting such juveniles to avoid resolution on the merits serves their interests overlooks the purpose behind juvenile delinquency proceedings. Unlike criminal prosecutions, punishment is not a purpose of such proceedings [citations omitted]. Family Court Judges have a wide choice of dispositional alternatives designed to serve juveniles' needs. We have no basis whatever to assume that these alternatives do not do exactly that, and that releasing a respondent because of his own failure to appear is a superior alternative" (supra, at 409).

Accordingly, the order of disposition of the Family Court, Bronx County (Harold Lynch, J.), entered April 22, 1993, which adjudicated respondent-appellant a juvenile delinquent upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree, and placed him with the New York State Division for Youth for a period of one year, should be affirmed, without costs.