■ In the Matter of ROBERT O., a Person Alleged to be a Juvenile Delinquent, Appellant. [616 NYS2d 517] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from a dispositional order of the Family Court, Dutchess County (Amodeo, J.), dated June 21, 1993, which, upon a fact-finding order of the same court, dated May 27, 1993, finding, upon his admission, that the appellant had committed an act which constituted unlawful possession of a weapon by a person under 16 years of age *(see,* Penal Law § 265.05), adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review an order of the same court, dated May 27, 1993, which denied the appellant's motion to dismiss the petition.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Family Court Act § 320.2 (1) provides, in pertinent part, that "[i]f the respondent is not detained, the initial appearance shall be held as soon as practicable and, absent good cause shown, within ten days after a petition is filed". At issue in this case is whether, in a situation where a petition is properly dismissed because an initial appearance was not timely held in accord with Family Court Act § 320.2, the presentment agency may file a second petition charging the juvenile with the same acts. In our view, the Family Court correctly concluded that a second petition may be filed and, so long as the subsequent fact-finding hearing is commenced in accordance with the dictates of Family Court Act § 340.1, no substantive "speedy hearing" right of the juvenile will be violated.

By juvenile delinquency petition filed in the Family Court on March 2, 1993, the appellant was charged with committing acts which, if committed by an adult, would constitute the

crimes of burglary in the second degree, burglary in the first degree, and petit larceny. A summons was subsequently issued on March 15, 1993, and the appellant was ultimately arraigned on March 29, 1993. By motion returnable on April 19, 1993, the appellant's Law Guardian sought dismissal of the petition on the ground that the appellant's initial appearance at his arraignment was not held within 10 days of the filing of the petition (see, Family Ct Act § 320.2). On April 26, 1993, the motion was granted. On May 3, 1993, the presentment agency filed a second petition against the appellant. This second petition charged the appellant with the identical acts charged in the initial petition. A new summons was thereupon issued and the appellant's arraignment was timely held on May 11, 1993. On May 27, 1993, the fact-finding hearing commenced, the appellant admitted his guilt of unlawful possession of a weapon by a person under 16 years of age. The order of disposition adjudging the appellant a juvenile delinquent followed thereafter. Notably, the appellant was not detained on these petitions.

The appellant posits that once Family Court Act § 320.2 was violated and the initial petition dismissed, "new life [could not] be breathed back into it" by the presentment agency's filing of a subsequent petition. To permit the filing of the subsequent petition, the appellant concludes, "flies in the face of the entire concept of speedy trial rights to juveniles as set out by statute and case law". We disagree.

The appellant's right to a "swift and certain adjudication" of this delinquency proceeding has not in any way been abridged (Matter of Frank C., 70 NY2d 408, 413). Family Court Act § 340.1 (2), which the Court of Appeals has defined as a "true 'speedy trial' provision" (Matter of Frank C., supra, at 413), mandates that the appellant's fact-finding hearing "commence not more than sixty days after the conclusion of [his] initial appearance". This was in fact accomplished.

In effecting the requisite calculation, we begin by noting that the appellant's initial appearance was held on March 29, 1993, on the first petition (see, Matter of Tommy C., 182 AD2d 312, 316). Although the first petition was subsequently dismissed, the date of the respondent's initial appearance cannot change, or the circumvention of "speedy hearing" provisions would surely result (see, Matter of Tommy C., supra). This being the case, the concerns expressed by the appellant herein are without basis in fact. Indeed, the appellant's fact-finding hearing was commenced on May 27, 1993, within 60 days of March 29, 1993, and thus in accordance with the "speedy

hearing" provision of the Family Court Act *(see,* Family Ct Act § 340.1 [2]).

Although the Legislature has not specifically authorized the filing of a subsequent petition after the dismissal of one pursuant to Family Court Act § 320.2, neither have they specifically precluded it. Moreover, the Court of Appeals has acknowledged that in instances where there exists major deficiencies in the factual allegations of a petition, the presentment agency's recourse "is to file a new petition" *(Matter of Detrece H.,* 78 NY2d 107, 111). Similarly, the filing of new petitions are permitted when the initial petition is dismissed for facial insufficiency *(see, Matter of Shannon FF.,* 189 AD2d 420; *Matter of Tommy C.,* 182 AD2d 312, *supra).* So long as compliance with the relevant "speedy hearing" provisions is manifest *(see,* Family Ct Act § 340.1), we see no reason why the filing of a new petition should not be permitted when the initial petition is dismissed for failure to comply with the 10-day rule enunciated in Family Court Act § 320.2.

Contrary to the concerns manifested by our dissenting colleague, our decision today does not eviscerate section 320.2 by obliterating either the 10-day time limit or the "good cause" requirement. In point of fact, section 320.2, was given its intended effect in this case when the initial petition was dismissed due to the presentment agency's failure to demonstrate "good cause" for the delay in the appellant's initial appearance. Similarly, contrary to the fears expressed in the dissent, our decision does not engender a situation wherein a presentment agency can, with impunity, delay the initial appearance beyond 10 days. That is, if the presentment agency were perceived to be engaging in such abuse of the statutory timetables of the Family Court Act §§ 310.2 and 332.1 provide the mechanism by which a juvenile could move to dismiss a petition.

We hold that in juvenile delinquency proceedings wherein the petition is dismissed pursuant to Family Court Act § 320.1, the presentment agency may file a new petition charging the juvenile with the same acts and proceed on the superseding petition, so long as the juvenile's right to a "speedy hearing" is not violated *(see,* Family Ct Act § 340.1).

Accordingly, the order of disposition is affirmed. Sullivan, J. P., Lawrence, Pizzuto and Joy, JJ., concur.

Goldstein, J., dissents and votes to reverse the order of disposition, to vacate the fact-finding order, and the order denying the motion to dismiss the petition, and grant the

motion to dismiss the petition, with the following memorandum: I respectfully dissent. The majority's decision here today effectively renders Family Court Act § 320.2 meaningless, and has an adverse impact upon the substantive speedy trial rights of juveniles. Family Court Act § 320.2 (1) provides in clear and unambiguous terms that "[i]f the respondent is not detained, the initial appearance shall be held as soon as practicable and, *absent good cause shown,* within ten days after a petition is filed". Thus, if the section is given what appears to be its plainly intended meaning, there must be a showing of good cause for the failure to conduct an initial appearance within 10 days of the filing of the petition. By permitting the refiling of the petition in this case, where there has been no proffer of a reason for the delay, the majority has, in effect, changed the words "good cause" to "no cause", and, in doing so, has deprived section 320.2 of any practical effect. It is axiomatic that statutes should not be construed in a manner which would render them ineffective *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 144, at 291). Moreover, when applying a statute, it should be assumed that the Legislature did not deliberately place therein a phrase intended to serve no useful purpose *(see, Matter of Blatnicky v Ciancimino,* 1 AD2d 383). Where a statute includes a "good cause" provision, that prerequisite should be honored. By allowing the presentment agency the simple expedient of refiling when it has failed to arrange for a juvenile's arraignment within 10 days of the filing of the original petition, as required, the majority has obliterated both the 10-day time limit and the "good cause" requirement.

Even more importantly, the majority fails to recognize the potential adverse effect of this holding on juvenile speedy trial rights. A juvenile who is not incarcerated is entitled to a fact-finding hearing within 60 days after the conclusion of the initial appearance *(see,* Family Ct Act § 340.1). Thus, the triggering event for the 60-day time limit in which to commence the fact-finding hearing is the initial appearance, which, pursuant to the dictates of section 320.2, should have taken place no later than 10 days after the filing of the petition. Under this statutory scheme, a total delay of no greater than 70 days is contemplated. Now, however, under the majority's holding, the presentment agency can, with impunity, delay the initial appearance well beyond 10 days.

If and when there is a dismissal, the agency need simply refile and proceed notwithstanding the delay. Indeed, an initial appearance could conceivably be delayed for months after

the filing of the petition, and upon dismissal, the agency could refile immediately without any recourse to the juvenile, other than a possible claim under the generalized speedy trial requirements of section 310.2. The majority's position that no speedy trial rights have been abridged because the appellant's fact-finding hearing was commenced within 60 days of the initial appearance, ignores the untimeliness of the initial appearance itself. The 60-day requirement of section 340.1 is, in essence, anchored to the 10-day time limitation of section 320.2. If the 10-day limitation can be circumvented, the 60-day timeliness requirement of section 340.1 provides no assurance against delay, and, in fact, delays in excess of the total of 70 days set out in sections 320.2, and 340.1 are now possible, and, in fact, occurred in the case at bar.

By focusing exclusively on section 340.1 in determining whether the juvenile's speedy trial rights have been abridged, the majority ignores the connection between sections 340.1 and 320.2. These sections were enacted together in 1982 as part of a unified comprehensive legislative scheme "to assure swift and certain adjudication at all phases of the delinquency proceeding" (*Matter of Frank C.*, 70 NY2d 408, 413; L 1982, ch 920 [codified as Family Ct Act, art 3, §§ 301.1-385.2]; *see,* Bill Jacket, L 1982, ch 920, mem in support of A 7974-A). The various provisions established "specific time limitations to govern each stage of the proceeding from arrest through final disposition" (*Matter of Frank C., supra,* at 413; *see, e.g.,* Family Ct Act §§ 307.1, 308.1, 320.2, 332.1, 340.1, 350.1). These provisions are necessarily interrelated. It cannot be said that a juvenile's speedy trial rights have not been abridged because section 340.1 has been complied with, while a delay in the juvenile's initial appearance in derogation of section 320.2 is countenanced.

I believe, contrary to the assertion by the majority, there is no true analogy between the refiling permitted in this case, and the filing of new petitions in cases where there was a dismissal for deficiencies in factual allegations or facial insufficiencies in the petition (*see, Matter of Detrece H.*, 78 NY2d 107; *Matter of Shannon FF.*, 189 AD2d 420). In the latter cases, the petition was dismissed because the charges were not supported by legally sufficient evidence or the petition did not provide sufficient notice thereof. It makes perfect sense to permit refiling after such a dismissal, because the error in the original petition can be corrected by the filing of a new petition containing legally sufficient evidence to support the charges and providing legally sufficient notice. In other words,

where there has been a dismissal on the ground of factual or facial insufficiency, the basis for the dismissal can be cured by the filing of a new petition containing factually sufficient allegations. A dismissal for violation of a timeliness requirement cannot be so remedied. Time periods once elapsed cannot be recaptured, and the filing of a new petition does not address or in any way rectify the transgression.