■ In the Matter of GABRIEL R., a Child Alleged to be a Juvenile Delinquent, Appellant. SCHENECTADY COUNTY ATTORNEY, Respondent. [617 NYS2d 541] —Crew III, J. Appeal from an amended order of the Family Court of Schenectady County (Griset, J.), entered February 18, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was the subject of a juvenile delinquency petition filed March 19, 1991 charging acts which, if committed by an adult, would constitute the crimes of rape in the first degree and sodomy in the first degree, class B felonies. Respondent, who was not in detention, made his initial appearance in this matter on that same date. An amended petition was filed on May 1, 1991 which included, *inter alia,* an additional charge of aggravated sexual abuse in the second degree, a class C felony.

Thereafter, on June 27, 1991, Family Court set the matter down for a fact-finding hearing and respondent moved to dismiss the petition, contending that his right to a speedy trial had been violated (*see,* Family Ct Act § 340.1). Family Court denied respondent's motion and a fact-finding hearing was conducted on July 18, 1991. Respondent subsequently was adjudicated a juvenile delinquent and, following a dispositional hearing, was placed on probation for one year. This appeal by respondent followed.

There must be a reversal. Family Court Act § 340.1 (2) provides that where, as here, a respondent is not in detention, "the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance". Although the statute provides that Family Court may grant an initial 30-day adjournment "for good cause shown" (Family Ct Act § 340.1 [4] [a], [b]), Family Court is required to state on the record the reason for any such adjournment (Family Ct Act § 340.1 [5]) and successive adjournments are not permitted absent a showing, on the record, of "special circumstances" (Family Ct Act § 340.1 [6]; *see, Matter of Sherman WW.,* 198 AD2d 549, 550).

Initially, we note that, contrary to the view held by Family Court, the 60-day period began to run from respondent's initial appearance on the original petition on March 19, 1991, not from respondent's appearance on the amended petition filed May 1, 1991 (*see, Matter of Shannon FF.,* 189 AD2d 420, 421; *Matter of Tommy C.,* 182 AD2d 312, 316). Thus, respondent should have received a fact-finding hearing no later than

May 18, 1991. Although petitioner arguably requested an adjournment at the proceedings held before Family Court on May 2, 1991, Family Court deemed petitioner's request premature and, hence, did not grant an adjournment. Indeed, even if we were to accept petitioner's contention that "good cause" existed for granting an initial 30-day adjournment, the record contains no such finding by Family Court as required by the statute. Moreover, in order to account for the 121 days that elapsed between respondent's initial appearance on March 19, 1991 and the fact-finding hearing on July 18, 1991, both a motion for a successive adjournment by petitioner and a finding of "special circumstances" by Family Court would have been required, neither of which occurred.

Accordingly, we must conclude that the fact-finding hearing was not commenced in a timely fashion and, hence, the petition must be dismissed. In light of this conclusion, we need not address the remaining issues raised on appeal.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the amended order is reversed, on the law, without costs, and petition dismissed.