■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKIE JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered October 5, 1990, convicting defendant, upon his plea of guilty, of robbery in the first degree and sentencing him, as a second felony offender, to a term of 8 to 16 years, unanimously affirmed.

Defendant claims that the allocution was insufficient because it did not establish his guilt. The court read count one of the indictment, and defendant admitted to the truth of these allegations. Although defendant's only additional, specific admission to participation in the crime was that he reached into the glove compartment of the victim's car, this was more than adequate as defendant only had to share the same intent as his accomplice and purposefully aid in the commission of the crime to be guilty of first degree robbery *(People v Kaplan,* 76 NY2d 140).

Nor did the court err when it did not appoint new counsel before it entertained and denied defendant's *pro se* motion to withdraw his guilty plea. The decision to appoint new counsel is within the court's discretion, which is only to be invoked if "good cause" exists *(People v Sides,* 75 NY2d 822, 824). Here, the court properly exercised its discretion and determined that defendant received a favorable plea bargain, voluntarily pleaded guilty, freely admitted to the crime, and had competent counsel. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.