■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY GALVAN, Appellant. [602 NYS2d 380] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered February 13, 1992, which convicted defendant, upon his plea of guilty, of manslaughter in the first degree, and sentenced him, as a second violent felony offender, to a term of ten to twenty years, unanimously affirmed.

The minutes of the plea proceeding show that promptly after the prosecutor recited the underlying facts of the crime, the defendant admitted the truth of those allegations. Defendant now claims that his admissions do not establish his guilt, and that the court erred by failing to make further inquiry before accepting the plea. Defendant failed to preserve his current challenge to the factual sufficiency of the plea allocution since he did not move to withdraw his plea under CPL 220.60 or to vacate the judgment of conviction under CPL 440.10 *(People v Lopez,* 71 NY2d 662, 665), and we decline to review in the interest of justice. Were we to consider the issue in the interest of justice, we would find it to be without merit.

In response to the prosecutor's recitation, defendant admitted shooting the victim in the arm and the face. The fact that defendant did not recite all the elements of the crime did not render the plea invalid *(People v Nixon,* 21 NY2d 338; *People v Johnson,* 188 AD2d 405).

Further, inasmuch as the allocution did not cast significant doubt on defendant's guilt or the voluntariness of his plea, no further inquiry was necessary to ensure that the plea was knowing and voluntary *(People v Lopez,* 71 NY2d 662, 666, supra).

We have considered the defendant's other claims and find them to be meritless. Concur—Murphy, P. J., Kassal, Rubin and Nardelli, JJ.