■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL HOQUE, Appellant. [604 NYS2d 798] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered May 4, 1992, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have examined the record and find that the defendant's plea of guilty was knowingly and voluntarily entered. The defendant having raised no other issues, the judgment of conviction is affirmed *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KILLEEN, Appellant. [603 NYS2d 510] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered April 30, 1991, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's argument that New York's statutory scheme (Penal Law § 10.00 [18]; § 30.00 [2]; CPL 1.20 [42]; 180.75, 210.43), which permits persons between the ages of 13 and 15 who commit serious violations of the Penal Law to be treated differently than those young persons who commit nonserious violations, violates the Due Process or Equal Protection Clauses of the Federal and State Constitutions *(see, People v Ryals,* 100 Misc 2d 551). Further, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.