■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANO JOHNS, Appellant. [607 NYS2d 314] —Order, Supreme Court, Bronx County (David Stadtmauer, J.), entered July 13, 1990, which denied, upon reargument, defendant's motion to vacate his sentence, unanimously affirmed.

Defendant waived his right to contest his prior plea because he failed to raise and challenge this conviction at the time of sentence (CPL 400.20 [6]). Further, his excuse of ignorance of the law does not constitute "good cause" sufficient to overcome his waiver.

If we were to consider the merits, we would nevertheless affirm. That the defendant did not himself state the facts to establish each and every element of the offense pled to at his allocution does not preclude a finding that his plea was valid *(People v Smith,* 146 AD2d 828, 829, *lv denied* 74 NY2d 669). Where, as here, the defendant pleads guilty to a lesser crime than the one charged in the indictment, it is settled law that a factual basis for the plea is unnecessary provided the allocution establishes that the defendant understood the charges against him *(People v Moore,* 71 NY2d 1002, 1006). Here, the record indicates that defendant understood the charges against him and entered the plea voluntarily. Concur—Sullivan, J. P., Wallach, Asch, Nardelli and Williams, JJ.