■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE MAYFIELD, Appellant. [618 NYS2d 208] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered January 23, 1992, convicting defendant, upon his guilty plea, of robbery in the first degree and attempted murder in the second degree, and sentencing him to two concurrent terms of 3 to 9 years, unanimously affirmed.

The court was not obligated to hold a hearing to determine whether defendant was competent to enter a plea, there being no indication that he was not competent *(see, People v Tinsley,* 35 NY2d 926). We reject his argument that his youth (17 years at the time of the plea) and inexperience with the

criminal justice system raised a question of fact as to his competence.

Nor do we find merit to defendant's argument that his trial attorney did not provide him with meaningful representation by failing to advise the court of his age-based incompetency at the time of the plea. The record belies this assertion.

Finally, defendant's constitutional challenge to Penal Law § 30.00 is unpreserved *(People v Drummond,* 40 NY2d 990, 993, *cert denied sub nom. New York v Luis J.,* 431 US 908), and we decline to reach it in the interest of justice. Were we to address it, we would find no merit to defendant's claim that reliance on chronological age constitutes arbitrary discrimination and violates the Due Process or Equal Protection Clauses of the Federal and State Constitutions *(see, People v Killeen,* 198 AD2d 233, *lv denied* 82 NY2d 926). Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Tom, JJ.