■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MOSS, Appellant. [623 NYS2d 103] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered August 4, 1992, convicting defendant, upon his pleas, of manslaughter in the first degree and burglary in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 7½ to 15 years and 4 to 8 years, respectively, unanimously affirmed.

Defendant failed to preserve for appellate review the issue that he lacked the capacity to enter a knowing and intelligent guilty plea by failing to move either to withdraw his pleas under CPL 220.60 (3), or to vacate the judgment of conviction pursuant to CPL 440.10 (People v Lopez, 71 NY2d 662, 665). Were we to review this claim in the interest of justice, we would find it meritless because the totality of the circum-

stances shows that the defendant, while represented by counsel, knowingly entered his pleas *(see, People v Fiumefreddo,* 82 NY2d 536, 546), and there was no indication that defendant was incompetent *(see, People v Mayfield,* 208 AD2d 391).

Similarly, defendant failed to preserve for appellate review the claim that his plea allocution was insufficient to sustain his conviction for burglary, second degree *(People v Lopez, supra).* Nor would we reverse in the interest of justice. Defendant acknowledged the facts underlying the crimes, and once having admitted the truth of the allegations, he need not recite all of the elements of the crime *(see, People v Galvan,* 197 AD2d 394).

Finally defendant's sentence was not excessive considering his prior criminal record and the favorable negotiated plea agreement he bargained for. Concur—Murphy, P. J., Sullivan, Rosenberger and Ross, JJ.