■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSELITO GARCIA, Also Known as NELSON DAVID HERNANDEZ, Appellant. [627 NYS2d 666] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered March 2, 1994, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the third degree, and criminal use of drug paraphernalia in the second degree, and sentencing him to concurrent terms of 6 years to life, 1 to 3 years and 1 year, respectively, unanimously affirmed.

Defendant failed to preserve his current challenge to the factual sufficiency of the plea allocution since he did not move to withdraw his plea under CPL 220.60 or to vacate the judgment of conviction under CPL 440.10 (*People v Lopez*, 71 NY2d 662, 665), and we decline to reach the claim in the interest of justice. In any event, since defendant pled guilty to second degree criminal possession of a controlled substance, a lesser crime than that charged in the indictment, a factual basis for the plea was unnecessary because the allocution established that the defendant acknowledged and understood the charge against him and entered the plea voluntarily (*People v Johns*, 201 AD2d 337, *lv denied* 83 NY2d 854). With regard to the other crimes of which defendant was convicted, the record is clear that defendant sufficiently acknowledged the underlying facts to which he pled, and, having admitted the truth of those allegations, it was not necessary that he recite each of the elements of those crimes (*People v Galvan*, 197 AD2d 394). Defendant's explicit waiver of his constitutional rights requisite to taking the plea was sufficient to ensure that the plea was knowing and voluntary and no further inquiry was necessary, there being no uniform mandatory catechism in connection with guilty pleas (*People v Nixon*, 21 NY2d 338).

Defendant's *pro se* claim of ineffective assistance of counsel is unsupported by any record that might have been made pursuant to CPL 440.10 (*People v Love*, 57 NY2d 998).

In the circumstances here presented, and considering defendant's advantageous plea bargain agreement (*People v Rodriguez*, 189 AD2d 684, *lv denied* 81 NY2d 892), defendant was provided with meaningful representation (*People v Baldi*, 54 NY2d 137).

By pleading guilty, defendant has waived his right to litigate

the issue of his guilt (*People v Taylor*, 65 NY2d 1) or challenge on appeal the sufficiency of the instructions before the Grand Jury (*People v Butler*, 198 AD2d 427). Concur—Murphy, P. J., Rosenberger, Wallach, Williams and Tom, JJ.