■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO AMAYA, Appellant. [631 NYS2d 672] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered on April 29, 1993, convicting defendant, upon his plea of guilty, of grand larceny in the third degree, and resentencing him, upon his plea of guilty to a violation of probation based upon a Queens County conviction of criminal sale of a controlled substance in the third degree, to a term of 1 to 3 years to be served consecutively to the $3^1/_2$ to 7-year term he received in the Queens County matter, unanimously affirmed.

Defendant's claim that his plea was not voluntarily, knowingly and intelligently made is unpreserved for appellate review as a matter of law since he did not move to withdraw the plea before sentencing or to vacate the judgment of conviction (*People v Lopez*, 71 NY2d 662, 665), and we decline to review it in the interest of justice. In any event, if we were to review the claim, we would find that the allocution was not insufficient for failure to establish the value of the jewelry that defendant admittedly stole (*see, supra*, at 666, n 2; *see also*, *People v Galvan*, 197 AD2d 394); that the court's inaccurate references at sentencing and resentencing for the third degree grand larceny that defendant had pleaded to as a fourth degree grand larceny could have no effect on defendant's earlier acceptance of the plea offer; and that the court's incorrect statement at the plea proceeding that defendant faced a maximum of four years in prison when he actually faced a maximum of seven years could have had no effect on defendant's decision to accept an offer of five years probation. Defendant's resentence to the consecutive term of 1 to 3 years for the violation of probation was a proper exercise of discretion. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Tom, JJ.