■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MORGAN, Appellant. [637 NYS2d 385] —Judgments, Supreme Court, Bronx County (Dominic Massaro, J.), rendered July 8, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him to concurrent terms of 1 to 3 years, unanimously affirmed.

The prosecutor's explanation that he rejected two African-American female panelists because each had served previously as a juror in a drug sale case and he feared that they might be dissatisfied with the "possible lack of evidence" in this "buy and bust" case, where no buy money or stash was recovered, was facially neutral (*see, People v Richie*, 217 AD2d 84).

Similarly adequate was his explanation that he believed that a third African-American woman, who worked with "911", might be affected by then existing tensions between police officers and employees of the "911" unit (*People v Mancini*, 219 AD2d 456, 458). If defendant "perceived something suggesting a discriminatory motive", it was incumbent upon him to make the court aware of his concerns during its factual inquiry (*People v Allen*, 86 NY2d 101, 110-111). In these circumstances, defendant did not meet his ultimate burden of demonstrating that the prosecutor had engaged in purposeful discrimination (*see, supra,*).

The record reveals that defendant's plea was knowing and voluntary (*People v Garcia*, 216 AD2d 36). Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Mazzarelli, JJ.