■ In the Matter of DAVID W., Also Known as DAMION E., a Person Alleged to be a Juvenile Delinquent, Appellant. [660 NYS2d 419] —Order of disposition, Family Court, New York County (Judith Sheindlin, J.), entered on or about January 19, 1996, which adjudicated appellant a juvenile delinquent upon a finding, pursuant to his admission, that on October 8, 1995, he committed an act which, if committed by an adult, would constitute the crime of robbery in the second degree, and placed him in the custody of the New York State Division for Youth for a period of 18 months, unanimously affirmed, without costs.

Appellant seeks to vacate his fact-finding and dispositional orders for the purpose of contesting adherence to the speedy hearing requirements of Family Court Act §§ 310.2 and 340.1, objection to which is waived by acceptance of a valid admission (*Matter of Melvin A.,* 216 AD2d 227; *Matter of Christopher F.,* 126 AD2d 975). Appellant challenges the validity of his admission on the grounds that he did not admit to acts which, if perpetrated by an adult, would constitute the crime of robbery in the second degree and that he was not adequately advised of all possible dispositional consequences. However, should this Court find that his right to a speedy fact-finding hearing was not infringed, appellant "requests that the plea not be vacated and the fact-finding and dispositional orders remain in effect."

Although the allocution with respect to the admission contains only a limited recitation of the facts, we find that it was legally sufficient (*see*, *People v Garcia*, 216 AD2d 36). There is merit, however, in appellant's argument that the court failed to advise him of all the possible dispositional alternatives. Thus, the admission was defective.

Appellant first appeared in Family Court on October 13, 1995 on a removal order from Criminal Court (Family Ct Act § 311.1 [7]), where he had been charged with robbery in the first and second degrees. At that time, appellant was remanded to the custody of the Division for Youth and the matter adjourned until October 16 for a probable cause hearing. On the adjourned date, the Presentment Agency was not prepared to go forward. Appellant was therefore paroled, and a fact-finding hearing was scheduled for November 30. In the interim, a motion was filed by the Law Guardian to dismiss the petition as jurisdictionally defective.

On November 30, no one appeared for either the Presentment Agency or appellant in response to the first calendar call. Although the Assistant Corporation Counsel assigned to the case had not responded to the motion, the court ruled, in the absence of both counsel and appellant, that reasonable cause had been found by Criminal Court to believe appellant had committed the crime charged. The court did not, however, discuss the Law Guardian's main contention that the charge must nevertheless be supported by non-hearsay allegations (Family Ct Act § 311.2 [2], [3]; *Matter of Jahron S.*, 79 NY2d 632). On a subsequent call of the case, both the Law Guardian and the Assistant Corporation Counsel were present. The court, without advising counsel of its earlier ruling, simply noted appellant's failure to appear and issued a warrant for his arrest.

On December 13, appellant was produced in court by the Division for Youth, having been placed in its custody under his true name, Damion E., in connection with another matter. Family Court vacated the warrant and the Assistant Corporation Counsel advised the court that the matter could be resolved. The Law Guardian, however, refused to proceed until a ruling was issued on his motion to dismiss, to which the court replied that a ruling could not be made until responding papers were received, making no mention of its November 30 ruling. Because of vacation plans, appellant's counsel asked that the case be adjourned until January 4, 1996. The parties agree that appellant was statutorily entitled to a fact-finding hearing by December 26, 1995 (Family Ct Act § 340.1 [7]).

On the adjourned date, the court denied appellant's motion,

which ruling he has not challenged. The court was informed that appellant did not appear because severe weather conditions prevented his production from the Tryon Residential Center in Johnstown, New York, where he was being held, a five-hour trip from New York City. Counsel informed the court of their belief that the matter would be resolved on the next court date, January 9, 1996. The Law Guardian waived any speedy hearing objection to the adjournment and to any further adjournment required to reach a negotiated admission. The court found that "bad weather is in fact special circumstances" supporting adjournment to January 16. On that date, appellant was also not produced due to adverse weather conditions. On the following court date, January 19, 1996, the court imposed sentence based upon the negotiated admission.

On appeal, appellant takes the position that, while deciding a motion constitutes good cause, the adjournment from December 13 to January 4 was unjustified because the motion had "already been decided." However, it is clear that the court, when confronted with the Assistant Corporation Counsel's interest in submitting papers in opposition to the motion, reconsidered its ruling issued on the basis of only the Law Guardian's moving papers. We note that, on the January 4 adjourned date, the court expressed surprise that the Law Guardian had not seen fit to reply and solicited additional argument regarding the application of Family Court Act § 311.2 to removal petitions. We note further that the court adjourned the matter beyond the statutory period for a fact-finding hearing in part to accommodate the Law Guardian's vacation plans. Thus, we conclude that the adjournment to January 4 is excludable from the pertinent speedy hearing period for good cause (*see*, *Matter of Willie E.*, 88 NY2d 205; *Matter of Levar A.*, 200 AD2d 443).

As to the subsequent adjournments, it is apparent from the record that counsel were engaged in negotiations in the effort to reach agreement on an admission. The minutes of January 4 reflect their belief that the "case will be resolved on the next court date." The Law Guardian further stated that "if beyond the January 9th adjourned date, further adjournment is necessary because there is no resolution, I will waive that time between the 9th and the next court date." The record does not contain a transcript of any proceedings on January 9th. However, on January 16, the court stated, "New York suffered the worst blizzard in probably 20 years. I believe it was the 8th of January. All right. He was not produced because of that." The court ruled that the pendency of the motion to dismiss and

the inclement weather justified the adjournments and put the matter over until January 19 to permit appellant to be produced.

A finding of special circumstances to justify successive adjournments (Family Ct Act § 340.1 [6]) is subject to more stringent criteria than a finding of good cause, and whether a particular event qualifies as special circumstances "is a matter that must be decided on a case-by-case basis, with due regard to the stated legislative goal of prompt adjudication" (*Matter of Frank C.*, 70 NY2d 408, 414). This Court has stated that "special circumstances" are those for which the Presentment Agency could neither have planned nor anticipated (*Matter of Anthony H.*, 219 AD2d 436, 443). As in the cited case, "there was no indication that the agency had failed to use diligent efforts" in order to secure attendance at the proceedings (*supra,* at 443). Some delay was occasioned by appellant's detention under a different name in connection with another matter (*see, Matter of Jamar A.*, 86 NY2d 387, 391). Moreover, we note that Family Court gave the Law Guardian the option to have appellant detained locally at the Spofford juvenile detention facility to avoid the ten-hour round trip from Tryon Residential Center, and that counsel informed the court that appellant wished to remain at Tryon. We find that the severe weather conditions as well as the continued detention of appellant at a distant facility as an accommodation to his desire to remain at the Tryon Residential Center constitute "special circumstances" within the contemplation of Family Court Act § 340.1 (6). Therefore, we conclude that his right to a speedy fact-finding hearing has not been abrogated.

In view of appellant's request that the Court uphold the negotiated disposition should it find that his speedy trial rights were not violated, the Family Court's disposition should not be disturbed. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.