The People of the State of New York, Respondent,
against
Dane Clark, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered June 9, 2015, convicting him, upon his plea of guilty, of one count of possession of burglar's tools, and imposing sentence.




Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered June 9, 2015, affirmed.
The record as a whole establishes that defendant's guilty plea to the charge of possession of burglar's tools (see Penal Law § 140.35) was knowingly, intelligently and voluntarily entered into with the aid of counsel, and after the court had fully apprised defendant of the constitutional rights he would be giving up by pleading guilty (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). "The fact that defendant did not recite all the elements of the crime did not render the plea invalid" (People v Reyes, 202 AD2d 190, 191 [1994], lv denied 83 NY2d 1006 [1994], quoting People v Galvan, 197 AD2d 394, 395 [1993]), as it was sufficient that defendant provided unequivocal affirmative responses to the court's questions, never made statements negating his guilt and indicated that he was entering the plea because he was, in fact, guilty (see People v Williams, 35 AD3d 971, 972 [2006], lv denied 8 NY3d 928 [2007]). Nor, given the totality of the circumstances, did the plea court's slip of the tongue in describing the particular burglar's tool possessed by defendant as a "box cutter," instead of a "bolt cutter," undermine the validity of the plea.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 25, 2016