People v Sanchez (2018 NY Slip Op 06662)





People v Sanchez


2018 NY Slip Op 06662


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1018 KA 16-00436

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEAN SANCHEZ, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered December 10, 2015. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the surcharge, DNA databank fee, and crime victim assistance fee and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law
§ 125.25 [1]). We reject defendant's contention that New York's statutory scheme (see Penal Law §§ 10.00 [18]; 30.00 [2]; CPL 1.20 [42]; 180.75, 210.43), which permits, as relevant here, 13-year-old persons to be criminally responsible for acts constituting murder in the second degree (Penal Law § 125.25 [1], [2]), violates the Due Process or Equal Protection Clauses of the Federal and State Constitutions (see People v Mayfield, 208 AD2d 391, 392 [1st Dept 1994]; People v Killeen, 198 AD2d 233, 233 [2d Dept 1993], lv denied 82 NY2d 926 [1994]; see generally People v Drayton, 39 NY2d 580, 585-586 [1976], rearg denied 39 NY2d 1058 [1976]).
We agree with defendant that his waiver of the right to appeal is invalid (see People v Gramza, 140 AD3d 1643, 1644 [4th Dept 2016], lv denied 28 NY3d 930 [2016]; People v Collins, 129 AD3d 1676, 1676 [4th Dept 2015], lv denied 26 NY3d 1038 [2015]; People v Nicelli, 74 AD3d 1235, 1236-1237 [2d Dept 2010]), but we nevertheless reject his challenge to the severity of the sentence. As the People correctly concede, however, the surcharge, DNA databank fee, and crime victim assistance fee must be vacated because defendant is a juvenile offender (see Penal Law §§ 60.00 [2]; 60.10; People v Dennis R., 159 AD3d 1444, 1444 [4th Dept 2018], lv denied 31 NY3d 1080 [2018]; People v Stump, 100 AD3d 1457, 1458 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]). We therefore modify the judgment accordingly.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court