OPINION OF THE COURT
Bellacosa, J.
Family Court, Bronx County, adjudicated Jamar A. a juvenile delinquent for unauthorized use of a vehicle based on acts which would constitute a crime if committed by an adult (see, Penal Law § 165.05 [1]). The Appellate Division reversed on the law and dismissed the juvenile delinquency petition (207 AD2d 251), concluding that Jamar A. was deprived of his right to a timely fact-finding hearing (see, Family Ct Act § 340.1). Two Justices dissented and the presentment agency appeals to this Court as of right on that ground (CPLR 5601 [a]).
The basis for the dismissal by the Appellate Division and the issue before us focus exclusively on Jamar A.’s speedy trial rights under Family Court Act § 340.1 (5) and (6). Only the "special circumstances” adjournment on February 25, 1993 is in question. We conclude that the order of the Appellate Division should be reversed and the Family Court adjudication should be reinstated.
The delinquency petition was filed on December 3, 1992 with respondent present in Family Court. The petition charged respondent with acts which, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal mischief in the third and fourth degrees, unauthorized use of a vehicle in the third degree, criminal possession of stolen property, and petit larceny.
The court scheduled a fact-finding hearing for January 11, 1993 and released the juvenile to his mother. On the first set date, the presentment agency requested and was granted an adjournment to January 20th. Respondent failed to appear on *390 the rescheduled date, and the court set another hearing for February 1, 1993. When respondent failed to appear a second time, the court issued a warrant and found good cause to adjourn to March 1. That ruling and adjournment are not in dispute.
Unexpectedly, the juvenile and his mother appeared in Family Court on February 25, 1993. Because the case was still scheduled for March 1, was not on any calendar for February 25, and no one expected the surprise appearance, the Judge naturally inquired of the presentment agency lawyer, "What date will you have your witness ready?” Counsel responded that he needed "a couple of days.” When the court suggested a March 8, 1993 adjourned date, the Law Guardian expressed personal inconvenience. The court then set March 10 as the new date and the Law Guardian said, "Thank you.”
The Family Court Judge admonished respondent that if he failed to appear for the next fact-finding hearing he would be remanded. Shortly after the February 25 appearance and special circumstances adjournment, respondent’s counsel filed the motion to dismiss the petition, based on the Family Court’s failure to explain the adjournment.
Special circumstances "is a matter that must be decided on a case-by-case basis, with due regard to the stated legislative goal of prompt adjudication” and, of course, within the demarcations of our governing precedents (Matter of Frank C., 70 NY2d 408, 414). Family Court Act § 340.1 (5) requires that a court shall state "on the record the reason” for an adjournment, and subdivision (6) adds the specification of a special circumstances "showing” to warrant the grant of an adjournment. The Family Court Judge satisfied the statutory and precedential rubrics here.
Family Court was presented with a manifest "special circumstances” development of a nonscheduled matter and the return to its courtroom of a warrant-sought juvenile. Everyone in the courtroom knew the witness-unavailability subject of the Family Court’s explicit inquiry, colloquy and ruling, all done on the record as required (see, Family Ct Act § 340.1 [5]). This record does not support the dissent’s criticism of the Family Court’s conduct as self-initiated or less than entirely appropriate to the circumstances. Since the "special circumstances” here are evident on the face of this record, this case is different in kind and in its salient facts from Matter of Frank C. (70 NY2d 408, supra), Matter of Randy K. (77 NY2d *391 398), and Matter of Nokia L. (81 NY2d 898). That the Family Court Judge did not ask questions in form or words considered more insightful in hindsight and did not utter the two words "special circumstances” does not erase the facial record (see, e.g. and compare, People v Spot ford, 85 NY2d 593, 598; People v Moissett, 76 NY2d 909, 911; People v Nixon, 21 NY2d 338, 353, cert denied sub nom. Robinson v New York, 393 US 1067). The words spoken and the action taken in the nisi prius setting constitute an effective and valid satisfaction of what the statute and we require.
Taken together, the following factors remove this case from the dismissal imperative of distinguishable precedents while also demonstrating compliance with the governing protocols: (1) the unscheduled, uncalendared matter; (2) the surprise appearance ahead of the scheduled date; (3) the outstanding warrant for two prior failures to appear on timely scheduled dates; (4) the open court unavailability of the presentment agency’s witnesses, inescapably reflected in the pointed colloquy directed at that very circumstance and created solely by the respondent’s unscheduled appearance; (5) the on-the-record exchange responsibly initiated by the Family Court Judge with both counsel present and participating concerning when witnesses would be available; and (6) the setting of a new, mutually satisfactory and scheduled appearance date to fulfill the statutory mandate for prompt adjudication.
It is unrealistic to speculate that police witnesses can be "easily summoned” to any Family Court, no less one in New York City, on an unscheduled date, or that the Family Court Judge should inquire differently or should otherwise interrupt a regularly scheduled calendar. Such inflexible, additional mandates measured against the circumstances and case, as events unfolded in the courtroom on February 25, 1993, ignore the exact subject matter exchange between the Judge and the attorneys "on the record” about making the witnesses available on a scheduled date and calendar when all necessary individuals could be on proper notice to be prepared to proceed.
Special circumstances, after all, are not an abstraction. Exploration at the appellate level of all its features and fulfillment in a given case should not be devoid of reasonable context. Our realistic approach does not dispense with or dilute the continued vitality and cogency of our precedents. Nor does our analysis impose any requirement for searching *392 records on appeals in such matters or in this one. Rather, we are applying the rules sensibly when we conclude that this record unquestionably demonstrates fulfillment of the statutory and precedential prescriptions of what busy Family Court Judges are supposed to do with individuals before them in such surprise circumstances.
The Appellate Division majority and the dissenters in this Court nevertheless conclude that dismissal is mandated. We respectfully disagree for the reasons we have given and because our precedents were fully satisfied (compare, Matter of Aaron J., 80 NY2d 402).
Notably, in 1994, a new subdivision was added to the statute that prospectively declares definitive legislative guidance and governance in the particular area of warrant-abscondmentnonappearances at court scheduled dates (see, Family Ct Act § 340.1 [7]). Section 340.1 was amended to provide that if a warrant has been issued due to a respondent’s failure to appear in court, the date of issuance of the warrant to the date respondent subsequently appears in court shall be excluded from the computation of the time within which the hearing must commence under section 340.1 (see, L 1994, ch 501). This amendment does not govern this case, since respondent’s case was decided prior to the legislative change. By sustaining the Family Court’s correct ruling in this case under then-applicable principles, we neither sub silentio nor in any other way effect some retroactive ratification or application of the rules.
Finally, since this appeal is decided by application of the statute to the particular facts and record as governed by our pertinent, prestatutory amendment precedents, the presentment agency’s waiver argument is not reached as unnecessary.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the order of disposition of Family Court should be reinstated.