■ In the Matter of JAMES T., a Person Alleged to be a Juvenile Delinquent, Respondent. [633 NYS2d 279] —Order, Family Court, Bronx County (Richard N. Ross, J.), entered May 20, 1994, which dismissed, on speedy trial grounds, the juvenile delinquency petition, without prejudice, unanimously reversed, on the law, the petition reinstated and the matter remanded for further proceedings, without costs.

Where respondent was not in detention and the complainant, who had been subpoenaed by mail, failed to appear on May 20, 1994, the date set for the fact-finding hearing, which date was the 36th day after respondent's initial court appearance on April 14, 1994, it was an improvident exercise of the Family Court's discretion to deny the presentment agency's request for an adjournment so that the complainant could be personally served with a subpoena.

Family Court Act § 340.1 (2) provides that "[i]f the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance" (*see also, Matter of Nakia L.*, 81 NY2d 898; *Matter of Randy K.*, 77 NY2d 398). Moreover, Family Court Act § 340.1 (4) provides that the proceeding may be adjourned once for "not more than thirty days" after the expiration of the 60 day period on motion of the court or the parties "for good cause shown". Inasmuch as the respondent was not in detention and May 20th was the 36th day after his initial court appearance, the presentment agency did not have to make a showing of good cause to be granted an adjournment within the 60 day period. In any event, in light of the reason proffered for the adjournment, to secure the attendance of the complaining witness who, although the court believed he was no longer interested in pursuing this matter, may just as likely have

failed to receive the subpoena, forgotten to come to court or misunderstood the subpoena's directive and, in light of the total lack of prejudice which the respondent would have suffered from the granting of a short adjournment, the court erred in concluding that good cause was not demonstrated (*see, Matter of Bryant J.*, 195 AD2d 463, 464 [a case virtually identical to the instant case]). Concur—Murphy, P. J., Ellerin, Kupferman, Asch and Mazzarelli, JJ.