■ In the Matter of GARRETT T., a Person Alleged to be a Juvenile Delinquent, Appellant. [638 NYS2d 39] —Order of disposition, Family Court, New York County (Judith Sheindlin, J.), entered September 22, 1994, which adjudicated appellant a ju-

venile delinquent and placed him with the Division for Youth for a period up to 18 months, following a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the fifth degree, unanimously affirmed, without costs.

Since the adjournment on July 7, 1994 occurred on the 42nd day after appellant's initial appearance on May 26, 1994, the presentment agency did not have to show good cause for the adjournment to August 8, 1994 (*Matter of James T.*, 220 AD2d 352). In any event, there was good cause since appellant failed to appear for his fact-finding hearing on July 7, 1994 (*Matter of Sean B.*, 209 AD2d 347, *lv denied* 85 NY2d 810).

The record also demonstrates that although not specified by the court, special circumstances existed for adjournments on August 8, 1994, in light of the presentment agency's efforts to extradite appellant from Philadelphia; on August 19, 1994, when appellant was involuntarily returned on the warrant and a superseding petition was filed; and on August 23, 1994, when, at the conclusion of the probable cause hearing, and in response to the court's request for a court date, counsel asked for the matter to be adjourned to August 29, 1994 for the fact-finding hearing (*Matter of Jamar A.*, 86 NY2d 387). Moreover, the fascimile copy of the original was admitted into evidence.

The filing of a copy of the laboratory analysis report rather than the original report itself did not render the petition jurisdictionally defective (CPLR 2101 [e]; *People v Guzman*, 151 Misc 2d 289, 292-294). Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Mazzarelli, JJ.