OPINION OF THE COURT
 

 Smith, J.
 

 The primary issues here are (1) whether the 60-day period for commencing a fact-finding hearing in the Family Court begins after the initial appearance on the first petition when the petition is refiled due to the dismissal of the first petition, and (2) whether the facts here constitute good cause for an adjournment despite the court’s failure to so state on the record. We conclude that the initial appearance on the first petition commences the 60-day period and that good cause for the adjournment of the fact-finding hearing appears on the record.
 

 The first petition, filed in this case on November 9, 1993, was an order of removal from the Tompkins County Court to the Family Court pursuant to CPL article 725. A Grand Jury hearing the case had made a request for removal pursuant to CPL 190.71. Pursuant to Family Court Act § 311.1 (7), the order of removal was deemed to be a petition in the Family Court. The document charged that on or about September 23, 1993, appellant committed (1) sexual abuse in the first degree by subjecting a person to sexual contact by forcible compulsion (Penal Law § 130.65 [1]), and (2) sexual misconduct by engaging in sexual intercourse with a female without her consent (Penal Law § 130.20 [1]).
 

 An initial appearance on the petition originally scheduled for November 22,1993 was rescheduled for November 24,1993.
 
 *208
 
 Appellant moved to dismiss the petition on the grounds that the initial appearance was not scheduled within 10 days after the filing of the petition as required (Family Ct Act § 320.2 [1]; § 340.1 [3]) and that the petition was jurisdictionally defective because the Grand Jury minutes had not been filed within 30 days after the order of removal was filed (Family Ct Act § 311.1 [7]). The motion was granted on January 10, 1994 on both grounds.
 

 A new petition with the same charges was made on January 11, 1994. The initial appearance of appellant on the new petition occurred on January 12, 1994. The appellant did not respond affirmatively to the court’s inquiry as to whether he intended to proceed with the fact-finding hearing scheduled, on the original petition, for January 14, 1994. The Law Guardian orally moved for a dismissal of the second petition on the grounds that the first petition had been dismissed for failure to grant a speedy trial in that the initial appearance had not occurred within 10 days of the filing of the petition, and the petition had, therefore, been dismissed with prejudice. The court denied the motion, stating that the dismissal was based on the sufficiency of the petition.
 

 The Law Guardian then asked for the statutorily required 15 days for discovery (Family Ct Act § 331.7 [2]) and 30 days to make motions (Family Ct Act § 332.2 [1]). The Assistant District Attorney commented that any adjournment would have to be based upon a finding of good cause stated on the record. The court adjourned the matter to February 10, 1994, without stating on the record that it was for good cause.
 

 By order to show cause dated February 2, 1994, appellant moved to dismiss the second petition on the ground the court lacked jurisdiction to adjudicate a refiled petition previously dismissed on speedy trial grounds. The court denied the motion, stating that the circumstances of the adjournment on January 10, 1994, including appellant’s request for time to make motions, "were deemed good cause” by the court even though not explicitly stated on the record. The court reiterated that the dismissal of the first petition was "upon the grounds of jurisdictional deficiency,” that a delay in the initial appearance beyond 10 days was not intended to be a speedy trial ground for dismissal, and that a hearing within 60 days of the initial appearance on the petition was still possible at the time of the dismissal.
 

 Appellant’s first argument is that the 60-day time period in which the fact-finding hearing must commence when a juve
 
 *209
 
 nile is not detained (Family Ct Act § 340.1 [2]) begins after the initial appearance on the first petition. Respondent contends that because a petition dismissed for a jurisdictional defect is a nullity, the 60-day period commences only upon the initial appearance on the second petition.
 

 In
 
 Matter of Robert O.
 
 (87 NY2d 9), this Court did not reach the issue of whether the 60-day period commences with the initial appearance on the first petition or with a subsequent petition.
 
 [1]
 
 We hold that under the facts here the 60-day period commences with the initial appearance on the first petition. This conclusion is consistent with the legislative mandate that there be a swift determination of the charges brought against juveniles.
 
 (See, Matter of Frank C.,
 
 70 NY2d 408 [dismissal of petition upheld where adjournments beyond the 60-day period had not been based on good cause or special circumstances];
 
 Matter of Randy K.,
 
 77 NY2d 398 [failure of a juvenile to appear would not stop the 60-day period from running absent an adjournment for good cause].) If the 60-day period does not commence until an initial appearance on a second petition or a nondefective petition, the policy of speedy determinations is subject to abuse.
 

 A fact-finding hearing may be adjourned pursuant to Family Court Act § 340.1 (4) on good cause. However, appellant argues that the 15 days for discovery and 30 days for motions permitted by statute rendered a speedy trial impossible and that good cause for adjourning the fact-finding hearing did not exist.
 

 Although many fact-finding hearings in juvenile delinquency proceedings are governed by the 60-day speedy trial requirement, some hearings must be held in as little as 14, and even 3 days after the initial appearance
 
 (see,
 
 Family Ct Act § 340.1 [1]).
 
 [2]
 
 The expedited nature of these hearings makes it impossible to provide the statutory periods for motions; nevertheless, the Family Court Act does not exempt these hearings from section 332.2 (1). Consequently, when counsel seeks time for motions, which would delay the fact-finding hearing beyond the statutory speedy trial period, counsel arguably waives a
 
 *210
 
 speedy trial
 
 (see,
 
 Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29-A, Family Ct Act § 332.2, at 430-431), or, equivalently, the court may adjourn the proceedings for good cause.
 

 Here, appellant’s request for time in which to conduct discovery and file motions made compliance with the 60-day speedy trial requirement impossible. Consequently, at the time of the adjournment on January 12, 1994, the issue of good cause was explicitly raised by the respondent and when the court granted appellant’s request for additional time, the case was adjourned for good cause. When good cause is granted under these circumstances, the court should consider any motions which are made on an expedited basis in order to ensure that the fact-finding hearing occurs in timely manner. In this case, the hearing occurred on February 10, 1994, within 30 days of the January 12 adjournment and 78 days from the first initial appearance.
 
 [3]
 

 Finally, in the absence of any request from the appellant’s attorney or his parents that appellant’s parents attend the hearing, the parents’ absence from the hearing, despite their presence in the hall outside of the courtroom, is not a basis for reversal pursuant to Family Ct Act § 341.2 (3) which requires the presence of a parent or other responsible person at any hearing.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order affirmed, without costs.
 

 [1]
 

 . The Court held that the failure of the Family Court to hold an initial appearance within 10 days of the filing of the petition did not preclude a dismissal of and a refiling of the petition since the juvenile’s right to a speedy fact-finding hearing was not violated.
 

 [2]
 

 . Where the juvenile is detained on a petition charging an A, B or C felony, the hearing must be held within 14 days. Where the juvenile is detained and the highest charge in the petition is less than a C felony, the hearing must be held within three days (Family Ct Act § 340.1 [1]).
 

 [3]
 

 . Of course, where a fact-finding hearing cannot be held within the statutory time period because the presentment agency has engaged in truly dilatory conduct, Family Court retains the discretion to find that no good cause for adjourning the hearing exists.