■ In the Matter of WAYNE G., a Person Alleged to be a Juvenile Delinquent, Appellant. [651 NYS2d 893] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Segal, J.), dated November 2, 1994, which, upon a fact-finding order of the same court, dated October 5, 1994, made after a hearing, finding that the appellant had committed an act, which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged him to be a juvenile delinquent, and placed him on probation. The appeal brings up for review the fact-finding order dated October 5, 1994. Justice McGinity has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, we find that he was not denied his right to a speedy fact-finding hearing (*see,* Family Ct Act § 340.1 [2]). While the fact-finding hearing was not commenced until shortly beyond the expiration of the applicable 60-day period, upon review of the record (*see, Matter of Willie E.,* 88 NY2d 205; *Matter of Jamar A.,* 86 NY2d 387, 390-391), we are satisfied that the court providently granted the single adjournment in question based upon a sufficient demonstration of good cause, to resolve outstanding discovery issues which were due, in part, to an honest misunderstanding between opposing counsel as to the existence of, *inter alia,* certain items of *Rosario* material (*see,* Family Ct Act § 340.1 [4] [a]; *Matter of Willie E., supra; Matter of James T.,* 220 AD2d 352; *Matter of Jamell H.,* 219 AD2d 531; *Matter of Anthony H.,* 219 AD2d 436; *Matter of Pierre B.,* 210 AD2d 3; *Matter of Levar A.,* 200 AD2d 443; *Matter of Bryant J.,* 195 AD2d 463; *Matter of Robert B.,* 187 AD2d 347).

We have reviewed the appellant's remaining contentions and find them to be without merit. Miller, J. P., Ritter, Copertino and McGinity, JJ., concur.