■ In the Matter of SAUL H., a Person Alleged to be a Juvenile Delinquent, Respondent. [651 NYS2d 517] —Order, Family Court, Bronx County (Susan Larabee, J.), entered August 15, 1995, which dismissed this juvenile delinquency proceeding on speedy trial grounds, unanimously reversed, on the law, without costs, the petition is reinstated, and the matter remitted to Family Court for further proceedings.

The 15-year old respondent was charged with acts which, if committed by an adult, would constitute various counts of criminal possession and sale of a controlled substance in the third, fifth and seventh degrees, criminal facilitation in the fourth degree and loitering in the first degree, after allegedly selling crack cocaine to an undercover police officer. At his first court appearance, on July 3, 1995, respondent was paroled to the Commissioner of Social Services in order to facilitate his participation in a PINS (Persons in Need of Supervision) program at the diagnostic center where he had consented to be placed. On the first return date, August 11, the Assistant Corporation Counsel representing the presentment agency requested a short adjournment because her police witnesses, despite having been given notice of the appearance, were otherwise engaged in the field that day. The court granted adjournment to August 15, on condition that the witnesses be present at 10 o'clock that morning. At 11 A.M. on August 15, the Assistant Corporation Counsel reported that one of her witnesses was present, but the other, who had assured her that morning that he would be there, had not yet arrived. Citing the officer's "obvious * * * disrespect" for the court, the Corporation Counsel and the due process rights of respondent, the court dismissed the proceeding, even though only 43 days had passed since the initial appearance.

Where an alleged juvenile delinquent is not in detention, the fact-finding hearing on the charges must commence within 60 days after the initial appearance (Family Ct Act § 340.1 [2]). Arrest is only the first formal step in the criminal justice process. While we recognize the frustration of the Family Court Judge in dealing with prosecution witnesses who place less than the highest priority on furthering that process, it was nevertheless error for her to dismiss this case on the unexplained tardiness of one such witness who had assured counsel that very morning that he would be in court. Because 60 days had not yet passed since the initial appearance, a further accommodation should have been granted to the presentment agency, requiring no showing of " 'good cause' " (*Matter of Bryant J.*, 195 AD2d 463, 464) or "special circumstances" (*cf.*, Family Ct Act § 340.1 [6]). Another brief adjournment would not have prejudiced respondent's right to a speedy trial (*Matter of Leyton W.*, 206 AD2d 538). At the very least, the hearing could have commenced with testimony of the one witness who *was* present. Under these circumstances, it was an improvident exercise of the Family Court's discretion to dismiss the case (*Matter of James T.*, 220 AD2d 352). Concur—Wallach, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.