(December 9, 1997)

■ In the Matter of DIOGENES V., a Person Alleged to be a Juvenile Delinquent, Respondent. [664 NYS2d 794] —Order, Family Court, New York County (Rhoda Cohen, J.), entered June 27, 1996, which dismissed the petition for failure to prosecute, unanimously reversed, on the law and the facts, without costs, the motion to dismiss denied, and the petition reinstated.

On November 27, 1995, the Presentment Agency filed a petition against respondent, then 15 years old, alleging that he had committed acts which, if committed by an adult, would constitute the crimes of attempted robbery in the third degree, jostling, attempted grand larceny in the fourth degree, menacing in the third degree and attempted petit larceny. The complainant alleged that on November 2, 1995, when he was delivering food to a building, respondent demanded money, chased complainant up the stairs and threatened complainant with his fists. Complainant escaped into an apartment.

Respondent appeared before the Family Court on November 27, 1995 to deny the allegations in the petition. The case was adjourned until January 5, 1996 for a fact-finding hearing, and respondent was paroled. On January 5, respondent requested a "procedural adjournment on consent" to January 31, which would be deemed the fiftieth day after respondent's initial appearance, which the court (Bruce Kaplan, J.) granted, "by agreement of counsels."

On January 31, counsel stated that both respondent and his mother wished to adjourn the proceedings until March 5, and that "speedy trial would be waived until that date."

Although the Presentment Agency was ready to proceed on March 5, respondent requested another adjournment, upon consent, to April 30, because respondent's mother was ill and had to "catch a plane." Once again, respondent expressly waived any speedy trial objections.

On April 30, respondent requested another consensual adjournment until June 20, again waiving speedy trial objections.

On June 20, which should have been deemed the fiftieth day after respondent's initial appearance, the Presentment Agency

was not ready to proceed because it was having trouble locating the complaining witness. Complainant had left the restaurant where he was working when the alleged crime occurred, and he did not have a home telephone number. He had not yet responded to the subpoena that a police officer had left under his door.

The Presentment Agency accordingly requested five more days within which to locate the complainant. It informed Judge Cohen that the last four adjournments had been at the request of respondent, who had waived speedy trial each time, and that therefore the sixty-day time limit of Family Court Act § 340.1 (2) had not elapsed. Nonetheless, the Family Court ruled that since the case was filed in November it was "long past speedy trial," and dismissed the petition for failure to prosecute. We agree with petitioner that the Family Court erred.

Family Court Act § 340.1 (2) provides that if a respondent is not in detention, as was the situation in the instant case, "the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance except as provided in subdivision four." Subdivision (4), in turn, permits the court to adjourn a fact-finding hearing on its own motion, or on a motion of the Presentment Agency or respondent, for good cause shown, for not more than 30 days. Subdivision (6) further provides that "[s]uccessive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances; such circumstances shall not include calendar congestion or the status of the court's docket or backlog."

However, the statute may be tolled where, as here, the parties have consented to adjournments beyond the sixty-day period and the respondent has waived the right to contest those adjournments on speedy trial grounds (*Matter of Carlton E.*, 204 AD2d 108, 109). The June 20 court date should have been considered the fiftieth day after respondent's initial appearance, as the parties had agreed.

Since there were still ten days left, granting petitioner's request for a five-day adjournment would not have violated respondent's speedy trial rights. Petitioner was not required to show "good cause" for the adjournment because respondent was not in detention and the adjournment would not go beyond the sixty-day period (*Matter of James T.*, 220 AD2d 352). Moreover, even if good cause were needed, petitioner made a sufficient showing. Petitioner asked for a few more days so that it could continue making diligent efforts to secure the attendance

of the complaining witness. Respondent would have suffered no prejudice. The Family Court, had it considered the question, would have been obliged to find good cause (*supra,* at 353; *see also, Matter of Jamell H.,* 219 AD2d 531). Concur—Murphy, P. J., Rosenberger, Wallach, Nardelli and Mazzarelli, JJ.