OPINION OF THE COURT
Mary E. Bednar, J.
Respondent has moved for dismissal of this juvenile delinquency petition which alleges that he has committed acts which, were he an adult, would constitute the crimes of petit larceny, criminal possession of stolen property in the fifth degree, possession of burglar’s tools, and criminal possession of an antisecurity item, on the ground that he has not been provided with a speedy fact-finding hearing (see, Family Ct Act §§ 310.2, 340.1).
A hearing upon respondent’s motion was conducted before me on January 13, 1998. Two witnesses testified at the hearing: Andrew Scholz, a paralegal employed by the Presentment Agency, the New York City Law Department, as well as Felicia Crumb, the mother of the respondent, Antoine Crumb.
Based upon the record of this proceeding, including the testimony adduced at the hearing on January 13, 1997,1 make the following findings of fact and conclusions of law.
This juvenile delinquency proceeding was commenced by the filing of a petition on September 26, 1997. On that date, respondent and his mother, Felicia Crumb, appeared in court and respondent’s initial appearance was conducted (see, Family Ct Act §§ 320.1, 320.2, 320.4). At the conclusion of the initial appearance, respondent was paroled (see, Family Ct Act § 320.5 [1]), and the proceeding was adjourned until November 5, 1997. On November 5, 1997, respondent did not appear in court, a warrant was issued to compel his appearance (see, Family Ct *468 Act § 312.2 [l]),[2] and the case was adjourned until December 5, 1997.[3]
On December 5, 1997, an Assistant Corporation Counsel appeared, and she submitted a written report pursuant to Family Court Act § 312.2 (2) setting forth the efforts made to locate respondent since the issuance of the warrant. This report, which was admitted into evidence at the hearing (see, Family Ct Act § 340.1 [7]), states that after the warrant was issued, “[t]he Presentment Agency made its files available to the New York City Police Department Warrant Squad for inspection and possible leads concerning the [Respondent’s whereabouts”. No date is given for when the Presentment Agency provided its file to the Warrant Squad. The report further states that on December 2, 1997, Andrew Scholz, a paralegal employed by the Presentment Agency, contacted the New York City Department of Juvenile Justice and the New York City Department of Corrections to learn whether the respondent was being detained in any of their facilities. Mr. Scholz was advised by both agencies that the respondent was not in their custody. On December 4, 1997, Mr. Scholz contacted the respondent’s grandmother, Irene Crumb, who told him that respondent was residing with his mother, Felicia Crumb, at 239 Bainbridge Avenue, Brooklyn, New York. Irene Crumb also informed Mr. Scholz that the respondent’s mother “did not have a telephone”. On that same date, Mr. Scholz contacted Boys and Girls High School in Brooklyn, the last school respondent was known to have been attending. An Assistant Principal at the High School advised Mr. Scholz that “respondent was not registered with the school this year”, and Mr. Scholz also “sent warrant letters” to respondent’s mother, Boys and Girls High School, and the warrant officer assigned to New York County Family Court by the Police Department. On December 5, 1997,1 signed “findings of fact” which essentially endorse the facts set forth in the Assistant Corporation Counsel’s affirmation (see, Family Ct Act § 312.2 [2]).
*469 At the hearing, Mr. Scholz testified that the Assistant Corporation Counsel assigned to this case referred the file to him on December 2, 1997. According to Mr. Scholz, his duties were “to make telephone calls and contacts, and try to locate the respondent”. Mr. Scholz also testified as to the efforts he undertook to locate respondent, and his testimony is consistent with the report previously submitted to the court by the Presentment Agency. Upon cross-examination, Mr. Scholz testified that after the Assistant Principal at Boys and Girls High School informed him that respondent was not attending the school this year, he did not contact the central Board of Education to ascertain whether the respondent was enrolled in another school. Mr. Scholz also stated that he did not check a telephone directory to ascertain whether, in fact, respondent’s mother has no telephone. Mr. Scholz’s testimony also indicates that he did not seek assistance from the Police Department Warrant Squad until December 4, 1997. Respondent’s mother testified that on December 8, 1997 she learned from her mother that a warrant had been issued for her son by the Family Court, and that she brought him to court on December 10, 1997.
Where, as here, a respondent is not detained, the fact-finding hearing must be commenced not more than 60 days after the conclusion of the initial appearance, unless the proceedings are adjourned in accordance with Family Court Act § 340.1 (4) (see, Family Ct Act § 340.1 [2]; Matter of Frank C., 70 NY2d 408; Matter of Randy K., 77 NY2d 398; Matter of Nokia L., 81 NY2d 898; Matter of Willie E., 88 NY2d 205; Matter of James T., 220 AD2d 352).
In 1994, the Legislature added a new subdivision (7) to section 340.1 of the Family Court Act (see, L 1994, ch 501) to address “warrant-abscondment-nonappearances at court scheduled dates” (Matter of Jamar A., 86 NY2d 387, 392). This amendment to Family Court Act article 3 provides “that if a warrant has been issued due to a respondent’s failure to appear in court, the date of issuance of the warrant to the date respondent subsequently appears in court shall be excluded from the computation of the time within which the hearing must commence under section 340.1” (supra; see, Matter of E.F., 162 Misc 2d 597).[4]
*470 Family Court Act § 340.1 (7) reads as follows: “For purposes of this section, if a warrant for the respondent’s arrest has been issued pursuant to section 312.2 of this article due to the respondent’s failure to appear for a scheduled fact-finding hearing, computation of the time within which such hearing must take place shall exclude the period extending from the date of issuance of the bench warrant for respondent’s arrest because of his or her failure to appear to the date the respondent subsequently appears in court pursuant to a bench warrant or appears voluntarily; provided, however, no period of time may be excluded hereunder unless the respondent’s location cannot be determined by the exercise of due diligence or, if the respondent’s location is known, his or her presence in court cannot be obtained by the exercise of due diligence. In determining whether due diligence has been exercised, the court shall consider, among other factors, the report presented to the court pursuant to subdivision two of section 312.2 of this article.”
In this case, the petition was filed on September 26, 1997, and the initial appearance was concluded on that date as well. Because respondent was not detained, the fact-finding hearing should have commenced on or before November 25, 1997 (see, Family Ct Act § 340.1 [2] ).[5] An arrest warrant was issued for respondent on November 10, 1997, and he voluntarily appeared on December 10, 1997, which was the 75th day following September 26, 1997.
The Presentment Agency seeks to have the period from November 5, 1997 until December 10, 1997 excluded from the computation of the 60-day speedy fact-finding period. The exclusion of these 35 days, or a portion thereof, requires a showing that: (1) respondent’s location could not have been *471 determined notwithstanding the exercise of due diligence; or (2) that although respondent’s location was known, his presence could not be obtained by the exercise of due diligence (Family Ct Act § 340.1 [7]; Matter of E.F., 162 Misc 2d, at 602, supra; Governor’s Mem of Approval, 1994 McKinney’s Session Laws of NY, at 2978).
While the Family Court Act does not define the term “due diligence”, it is apparent that this term was borrowed from CPL 30.30 (4) (c) (i) (see, Mem of Off of Ct Admin, 1994 McKinney’s Session Laws of NY, at 3299). As noted by the Presentment Agency, “the question [of] whether the People have exercised [due] diligence in locating an individual is a mixed question of law and fact” (People v Luperon, 85 NY2d 71, 78), and it is also true that whether analyzed under CPL 30.30 or Family Court Act § 340.1, “a showing of diligent efforts to execute the bench warrant * * * is a prerequisite to the application of the statutory [time] exclusion” (supra; People v Bolden, 81 NY2d 146, 155; Governor’s Mem of Approval, 1994 McKinney’s Session Laws of NY, at 2978).[6]
Here, the record establishes that the Presentment Agency took no steps to enforce the arrest warrant between November 5, 1997 and December 2, 1997. It was not until December 2, 1997 that an Assistant Corporation Counsel assigned their case file to a paralegal on their staff to begin efforts to locate the respondent. There was no evidence that there was any administrative delay in transmitting the file and warrant to the paralegal. Because bench warrants are not intended “to be treated as empty paper symbols” (People v Bolden, 81 NY2d, at 154, supra), and because the Presentment Agency took no steps to enforce the warrant between November 5, 1997 and December 2, 1997, these 27 days are not excludable from the computation of the speedy fact-finding period (see, Family Ct Act § 340.1 [7]; People v Bolden, 81 NY2d, at 154, supra; People v Luperon, 85 NY2d, at 78-79, supra).[7]
*472 Moreover, upon this record, I cannot conclude that respondent’s location could not have been determined by the Presentment Agency through the exercise of due diligence. Undoubtedly, on and after December 2, 1997, the Presentment Agency undertook action to locate respondent and to secure his presence in court. The question is, however, whether those efforts were diligent under the circumstances.
The accusatory portion of the petition alleges that respondent resides with his grandmother, Irene Crumb, at “13 McDougal Street, New York, N.Y.”. The same part of the petition also alleges that respondent’s mother is Felicia Crumb, and that she resides at “239 Bainbridge Street, Apt. 1R, Brooklyn”. Additionally, the warrant issued by the court contains the names and addresses of both respondent’s mother and grandmother. However, this warrant does not appear to have been referred to the Warrant Squad until December 4, 1997. Notably, no person from the prosecutor’s office or the Police Department visited either the McDougal Street or Bainbridge Street addresses. Had someone visited the Bainbridge Street address, it is entirely likely that respondent could have been located and the warrant executed, given that Irene Crumb informed Mr. Scholz that respondent was residing with his mother in Brooklyn. Additionally, after being advised by an assistant principal at Boys and Girls High School that respondent was no longer attending that school, no efforts were made to contact the central Board of Education to ascertain whether respondent was enrolled in a different high school. Finally, the Presentment Agency did not request assistance from the Police Department’s Warrant Squad until December 4, 1997. These efforts, such as they were, do not constitute due diligence to locate the respondent (see, People v Davis, 205 AD2d 697, 700-701; People v Caballero, 215 AD2d 230, 231; People v Drummond, 215 AD2d 579, 581; People v Hayes, 217 AD2d 560, 561).* ***[8]
In any event, even were I to exclude the period of December 2, 1997 through December 10, 1997 upon a finding of due diligence, the inclusion of the 27 days between November 5, 1997 *473 and December 2, 1997 during which no action was taken results in a violation of Family Court Act § 340.1 (2), which requires dismissal of the petition (see, Matter of Frank C., 70 NY2d, at 414-415, supra; Matter of Randy K., 77 NY2d, at 405, supra; Matter of Jamel P., 207 AD2d 298, 299, lv denied 84 NY2d 811).
Accordingly, it is hereby ordered that respondent’s motion is granted and the petition filed on September 26, 1997 is dismissed for the reasons set forth herein.

. Insofar as relevant, Family Court Act § 312.2 (1) (e) provides that: “[t]he court may issue a warrant, directing that the respondent personally or other person legally responsible for his or her care or, if such legally responsible person is not available, a person with whom he or she resides, be brought before the court, when a petition has been filed and it appears that” “a respondent has failed to appear”.

. Family Court Act § 312.2 (2) provides, insofar as pertinent, that: “[u]pon issuance of a warrant due to the respondent’s failure to appear for a scheduled court date, the court shall adjourn the matter to a date certain within thirty days for a report on the efforts made to secure the respondent’s appearance in court”.

. In enacting Family Court Act § 340.1 (7), the Legislature has apparently made the concepts of “includable” and “excludable” time relevant to juvenile delinquency proceedings where a fact-finding hearing is delayed by *470 reason of respondent’s failure to appear for a scheduled hearing (see, Mem of Off of Ct Admin, 1994 McKinney’s Session Laws of NY, at 3298). While Family Court Act § 340.1 does not constitute a prosecutorial readiness rule like CPL 30.30 (see, People v Sinistaj, 67 NY2d 236, 239; People v Cooper, 90 NY2d 292, 295; cf., Matter of Randy K., 77 NY2d, at 404, supra [Family Court Act § 340.1 is a speedy hearing rule, not a prosecutorial readiness rule]), it is notable that both Family Court Act § 340.1 (7) and recent appellate cases employ terms such as “exclude”, “tolled” and “excludable” with respect to speedy fact-finding (see, e.g., Matter of David W., 241 AD2d 388; Matter of Diogenes V, 245 AD2d 42).

. Speedy fact-finding is computed from the first day following the conclusion of the initial appearance (see, Family Ct Act § 340.1 [1], [2]; cf, People v Stiles, 70 NY2d 765, 767 [the date upon which a criminal action is commenced is excluded from the computation of speedy trial under CPL 30.30]).

. In approving the legislation, the Governor states, in part, that “[t]his exception is available, however, only if due diligence is exercised to locate and obtain the respondent’s presence in court” (Governor’s Mem of Approval, 1994 McKinney’s Session Laws of NY, at 2978).

. The failure to take steps to enforce a bench warrant for a respondent was identified as a serious problem by the Court in Matter of Randy K. (77 NY2d, at 404, supra). In rejecting the argument by the Presentment Agency in that case for an automatic adjournment of a fact-finding hearing when a respondent fails to appear in court, it was stated that “[u]nder the rule suggested, until the warrant is executed and the child is returned to court, the *472 presentment agency and the court could do nothing. The proceeding could languish in the docket of Family Court. There would be no sanction. The agency would have no incentive to proceed and the court no responsibility for monitoring the case and inquiring into the reasons for the delay” (supra).

. The Presentment Agency has not argued, and I could not find, that respondent actively sought to conceal his whereabouts, which would exclude the requirement that due diligence be exercised to locate him (see, People v Bolden, 81 NY2d, at 155, supra; People v Torres, 88 NY2d 928, 930-931; People v Sigismundi, 89 NY2d 587, 591).