■ In the Matter of JERMAINE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [671 NYS2d 664] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Ambrosio, J.), entered July 16, 1993, which, upon a fact-finding order of the same court, dated May 21, 1993, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree, unlawful imprisonment in the first degree, and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of 15 months. The appeal brings up for review the fact-finding order dated May 21, 1993.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see, Matter of Paul N.,* 244 AD2d 488; *cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed the charged acts. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, Matter of Joan P.,* 245 AD2d 381; *cf., People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Joan P., supra; cf., People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the determination was not against the weight of the evidence (*cf.,* CPL 470.15 [5]).

Contrary to the appellant's contention, his right to a speedy trial (*see,* Family Ct Act § 340.1 [2]) was not violated. The appellant waived his right to challenge the first adjournment past the 60-day speedy-trial period because he consented to the adjournment (*see, Matter of Irene B.,* 244 AD2d 226) and successive adjournments were warranted by special circumstances evident on the face of the record (*see, Matter of Jamar A.,* 86 NY2d 387). Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.