OPINION OF THE COURT
Stephen J. Bogacz, J.
The landmark decision in Matter of Frank C. (70 NY2d 408 [1987]) forever altered the landscape in which juvenile delinquency cases are processed in Family Court. The Court of Appeals expressly found that the statutory speedy fact-finding hearing provisions afforded respondents in juvenile delinquency proceedings were fundamentally different from those governing speedy trial for defendants in the adult criminal justice system. An existing section of the governing procedural statute, Family Court Act § 303.1, had already placed severe restrictions upon the applicability of the Criminal Procedure Law and its interpretive case law to delinquency cases. The Court thus ensured the inevitable rise of a new body of case law defining the parameters of speedy fact-finding rights for alleged juvenile delinquents. The decision in Frank C. effectively precluded Family Court Judges from looking for guidance to appellate precedent that construed the speedy trial sections of the Criminal Procedure Law. (See Family Ct Act § 303.1; compare, Family Ct Act § 340.1, with CPL 30.30.)[1]
New York’s appellate courts have indeed established such Family Court precedent over the ensuing 17 years. Certain principles are now well settled. For example, the speedy fact-finding hearing provisions of the Family Court Act generally mandate strict compliance with the established statutory time frames. (Matter of Randy K., 77 NY2d 398 [1991].) Other interpretations, however, are far less clear. It is in the context of this relatively new and still developing body of case law that this court must consider the unique issue presented by the following set of facts.
*844 The court completed the respondent’s initial appearance on December 1, 2003. At that time, the respondent and the three corespondents who were charged as having “acted in concert” with the respondent in allegedly committing the acts of juvenile delinquency set forth in the petition waived the strict calculation of speedy fact-finding hearing time. They also entered into a stipulation with the presentment agency. The court accepted the parties’ stipulation that January 29, 2004 would constitute “day 45” from the completion of that initial appearance for purposes of measuring the time within which the court must afford the respondents a speedy fact-finding hearing.[2] This respondent subsequently brought an omnibus motion[3] seeking, inter alia, to dismiss the petition for legal insufficiency. The court granted that motion on January 16, 2004 and dismissed the petition without prejudice on that basis. The presentment agency thereupon refiled a jurisdictionally sufficient petition on February 2, 2004.
The respondent now brings the instant motion seeking dismissal of the refiled petition with prejudice, for violation of the respondent’s right to a speedy fact-finding hearing. He contends that the original stipulation terminated either on January 16, 2004 (the date of dismissal) or in the alternative on January 29, 2004 (the last date of that stipulation, if the stipulation is found to have survived the dismissal of the petition). As a result, the binding nature of that stipulation also ceased to exist on whichever of those two dates the court chooses to recognize as the date of termination. The respondent thereupon urges the court to arithmetically calculate the speedy fact-finding hearing time of the refiled petition from December 1, 2003 (the completion of the initial appearance on the original petition). Since by that computation February 2, 2004 would cbnstitute “day 63,” the court must grant the dismissal application.
*845 The presentment agency offers an alternative, and fundamentally different, analysis. It argues that January 16, 2004 constituted “day 32” for purposes of calculating the applicable time frame, because it was 13 days prior to the stipulated “day 45” (Jan. 29, 2004). It further asserts that since January 29, 2004 was deemed “day 45,” the court must compute February 2, 2004, being four days later, to be “day 49.” The court must therefore deny the motion to dismiss.
Each of the competing analyses is compelling in its simplicity. The court, however, accepts neither. In rendering its decision, the court must, of course, be always mindful of the direction from the Court of Appeals that juvenile delinquency cases be swiftly adjudicated. (See Matter of Frank C., supra.) Concomitantly, however, the court must reasonably and fairly weigh this mandate against the fundamental principles of fairness and equity that emanate from the instant matter. While the court must assiduously protect the respondent’s rights, it must also acknowledge and take into account the reliance that the presentment agency reasonably placed upon the “day 45” stipulation. Equity demands that the court permit the respondent to utilize the protection of the speedy fact-finding hearing statute only as a shield, and never as a sword.
A review of the existing appellate precedent governing speedy fact-finding hearing time reveals several relevant cases that partially inform this court’s decision. None, however, is specifically on point and therefore determinative, with respect to the issue at bar. Appellate case law subsequent to Frank C. has recognized the need for a certain degree of flexibility within the overall framework of strict compliance with the statutory time periods. On one hand, the Family Court may not apply the concept of “excludable time,” as defined in the Criminal Procedure Law, to speedy fact-finding hearing analysis in delinquency cases (with the minor exception of a warrant for which the presentment agency establishes due diligence in execution [see Family Ct Act § 340.1 (7)]). (Matter of Frank C., supra.)
On the other hand, defense strategic decisions and need for thorough pretrial investigation often require a reasonable amount of additional time prior to commencing the fact-finding hearing. A juvenile delinquency respondent is therefore permitted to waive speedy fact-finding hearing time between court dates, thereby tolling its calculation. (Matter of Michael T., 305 AD2d 610 [2d Dept 2003]; Matter of Kenny U., 297 AD2d 573 [1st Dept 2002]; Matter of Naiquan T., 265 AD2d 331 [2d Dept *846 1999]; Matter of Christopher Scott F., 264 AD2d 395 [2d Dept 1999]; Matter of Jermaine B., 249 AD2d 468 [2d Dept 1998].) Indeed, a respondent may waive the calculation of speedy fact-finding hearing time for more than pne adjournment of the same fact-finding hearing. (Matter of Diogenes V., 245 AD2d 42 [1st Dept 1997].) While such a waiver by a respondent is permitted, it must be expressly stated on the record. (Matter of Michelle BB., 186 AD2d 856 [3d Dept 1992]; see also Matter of Willie E., 88 NY2d 205 [1996].) Finally, concomitant with such a waiver, the court may approve a stipulation previously agreed upon between the presentment agency and the defense that the next adjourned date of a delinquency case will constitute a specific numbered day from the completion of the initial appearance (e.g., “day 55”) for purposes of calculating speedy fact-finding hearing time. (Matter of Iola C., 262 AD2d 558 [2d Dept 1999]; Matter of Diogenes V., 245 AD2d 42 [1st Dept 1997].)
The established case law additionally affords a measure of flexibility to the presentment agency. It is well settled that the dismissal of a delinquency petition without prejudice prior to the running of the applicable speedy fact-finding hearing time (statutorily 60 days from the completion of the initial appearance, if the respondent is not detained) does not preclude the presentment agency from refiling it. (See, e.g., Matter of Robert O., 87 NY2d 9 [1995] [dismissal for failure to complete the initial appearance within the statutorily prescribed time frame]; Matter of Willie E., 88 NY2d 205 [1996] [dismissal of a jurisdiction-ally defective petition].)
The law is equally clear that upon the refiling of a previously dismissed petition, the completion of the initial appearance on the original petition marks the commencement of the speedy fact-finding hearing calculation on the subsequent petition. (Matter of Willie E., supra; Matter of Shannon FF., 189 AD2d 420 [3d Dept 1993]; Matter of Tommy C., 182 AD2d 312 [2d Dept 1992]; see also Matter of Gabriel R., 208 AD2d 984 [3d Dept 1994] [the same calculation methodology also applies when the original petition is later amended, as opposed to being refiled after a dismissal].)
Finally, a trial court lacks the authority to dismiss a juvenile delinquency petition for failure to prosecute prior to the 60th day from the completion of the initial appearance over the objection of the presentment agency (the agency, of course, can always consent to a dismissal before day 60). (Matter of La Tia L., 213 AD2d 548 [2d Dept 1995]; Matter of Saul H., 234 AD2d *847 223 [1st Dept 1996]; Matter of Leyton W., 206 AD2d 538 [2d Dept 1994]; Matter of Garrett T., 224 AD2d 308 [1st Dept 1996]; Matter of Satori R., 202 AD2d 432 [2d Dept 1994]; see also People v Douglass, 60 NY2d 194 [1983]; Matter of Jose H., 254 AD2d 20 [1st Dept 1998].)
The Queens County Family Court (Lubow, J.) assessed a similar fact pattern to that in the case at bar in Matter of Alexander N., an unreported decision under docket number D12973/02. In that case the court also considered a motion to dismiss a refiled petition for violating the respondent’s right to a speedy fact-finding hearing. In the context of that application (a petition that was withdrawn by the presentment agency and subsequently refiled), the court accepted the respondent’s argument to prorate the time that actually ran between the date of completion of the initial appearance and the date of the dismissal of the original petition in computing that portion of the speedy fact-finding hearing time. While the facts in Alexander N. are not identical to those in the case at bar, they are sufficiently similar to offer definitive guidance.
The principles of equity require the safeguarding of both the respondent’s right to a speedy fact-finding hearing and the protection of the presentment agency’s reasonable reliance upon the “day 45” stipulation. The Alexander N. analysis achieves both of these goals. In applying that methodology to the case at bar, the court prorates only the days between the completion of the initial appearance on the original petition (Dec. 1, 2003) and the dismissal of the petition (Jan. 16, 2004).[4] The court computes the remaining days (between January 16, 2004 and February 2, 2004) as full days, not prorated days. Under this calculation, January 16, 2004 constitutes the 36th day from the completion of the initial appearance. Since February 2, 2004 is an additional 17 days after January 16, 2004, the court computes that it comprises day 53 from the completion of the initial appearance on the original petition (36 + 17 = 53). As a result, the court does *848 not reach the 60-day threshold necessary to consider the respondent’s application. ;
Wherefore, the court denies the respondent’s motion to dismiss this petition for violation of his right to a speedy fact-finding hearing. j

. Pursuant to Family Court Act § 303.1, the Criminal Procedure Law, unless specifically prescribed, has no applicability in Family Court. The Family Court may, however, consider case law interpretations of the Criminal Procedure Law provisions that are similar to those contained in the Family Court Act. Frank C., however, found a fundamental difference between the speedy trial provisions of the Criminal Procedure Law and the speedy fact-finding hearing requirements of the Family Court Act. The decision clearly meant that the Family Court could not apply speedy trial analysis from the case law generated in the adult criminal justice system to juvenile delinquency cases.

. Under Family Court Act § 340.1 (2), the speedy fact-finding hearing clock begins to run upon the completion of the initial appearance.

. It is noteworthy that the respondent could have waited longer, perhaps even letting the entire 60-day time period expire, to challenge the jurisdictional sufficiency of the original petition. Such a defect may be raised at any time in the proceeding, even after the statutory deadline for making an omnibus motion has passed. (Matter of Francisco C., 238 AD2d 224 [1st Dept 1997].) This tactic, however, would have then prompted an additional issue. The presentment agency may have been able to argue an analogous application of the concept of “good cause,” not to adjourn the original fact-finding hearing beyond the 60th day, but to refile that “original” petition beyond the 60th day. (See Family Ct Act § 340.1 [4].) The court need not address this question under the facts in the case at bar.

. The court employed a simple arithmetic formula in measuring the prorated time. Since the 59 calendar days between December 1, 2003 and January 29, 2004 were stipulated to constitute 45 days, a fortiori, each of those whole days were deemed to be 45/59ths of one day. The number of calendar days between December 1, 2003 and January 16, 2004, the date of dismissal, was 46. To accurately prorate those 46 days, the court multiplied 46 by 45/59ths, resulting in the prorated number of 36 (when rounded up).