■ In the Matter of CURNELLE T., a Person Alleged to be a Juvenile Delinquent, Respondent. CORPORATION COUNSEL, Appellant. [792 NYS2d 344]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Hepner, J.), dated July 13, 2004, which granted the respondent's application to dismiss the petition on speedy trial grounds.

Ordered that the order is reversed, on the law, without costs or disbursements, the application is denied, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

On the 43rd day following the respondent's initial appearance in court, he consented to a nearly two-month adjournment, waiving any "speedy trial" objection during that time (*Matter of Joseph CC.*, 234 AD2d 852, 853 [1996]). The respondent's waiver operated to toll the statutory 60-day period within which the fact-finding hearing must be commenced (*see* Family Ct Act § 340.1 [2]; *Matter of Diogenes V.*, 245 AD2d 42 [1997]; *Matter of Moneysha W.*, 3 Misc 3d 842, 845-846 [2004]). Thus, contrary to the respondent's contention, the 60-day period had not yet expired when the parties reconvened in court on the adjourned date, and the Family Court therefore erred in dismissing the petition at that time (*see Matter of Diogenes V., supra; see also Matter of Andre P.*, 11 AD3d 617 [2004]; *Matter of Jasmine B.*, 300 AD2d 480 [2002]). The respondent's contention that the adjourned date was to be "deemed" the 60th day (rather than the 44th day) for purposes of Family Ct Act § 340.1 (2) is not supported by the record, as the appellant did not sign a stipulation to that effect.

In light of our determination, we do not address the parties' remaining contentions. Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.