■ In the Matter of VICTOR V., a Person Alleged to be a Juvenile Delinquent, Appellant. [816 NYS2d 559]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), entered January 3, 2005, which, upon a fact finding order of the same court dated December 7, 2004, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and committed an act which constituted the crime of unlawful possession of a weapon by a person under 16, adjudged him to be a juvenile delinquent, and placed him with

the Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated December 7, 2004 and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress his statements to police.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the Office of Children and Family Services for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Paul C.,* 5 AD3d 592 [2004]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order is not academic (*see* Family Ct Act § 783; *Matter of Dorothy D.,* 49 NY2d 212 [1980]; *Matter of Ricky A.,* 11 AD3d 532 [2004]).

In light of the evidence adduced at the suppression hearing, the Family Court properly found that the appellant was not in custody for purposes of receiving *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) at the time he made inculpatory statements to the police. The appellant, although age 14, was in the company of his mother and his aunt the entire time he was at the police precinct, and was never denied food and drink or the opportunity to leave. Under the circumstances, a reasonable, innocent person in the appellant's position would not have believed he was in custody (*see People v Centano,* 76 NY2d 837, 838 [1990]; *People v Yukl,* 25 NY2d 585, 589-591 [1969]; *People v Watson,* 17 AD3d 385 [2005]; *People v Ballard,* 16 AD3d 697 [2005]; *People v Portier,* 276 AD2d 500 [2000]; *People v Parsad,* 243 AD2d 510 [1997]).

The evidence at the fact-finding hearing showed that the appellant, then age 14, discharged a firearm in the direction of what he thought was a group of assailants, instead grazing the knee of an innocent bystander. This evidence proved that the appellant had committed acts which, if he were an adult, would constitute the crimes of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [former (2)]; *People v Bailey,* 19 AD3d 431 [2005]) and reckless endangerment in the first degree (*see* Penal Law § 120.25; *People v Crossland,* 251

AD2d 509 [1998]), and committed an act which constituted the crime of unlawful possession of a weapon by one under the age of 16 (*see* Penal Law § 265.05; *Matter of Gilberto A.*, 237 AD2d 285 [1997]). The appellant's out of court confession that he fired a gun at a certain time and place was corroborated by the hearing testimony of the 12-year-old victim that she was shot at the identical time and place (*see* Family Ct Act § 744 [b]; *Matter of Carmelo E.*, 57 NY2d 431, 433 [1982]; *Matter of David B.*, 259 AD2d 986 [1999]; *cf. Matter of Geraldine D.*, 85 AD2d 574 [1981]).

Adjournments of the fact-finding hearing were either waived by the appellant, the result of the appellant's request, or warranted by special circumstances (*see Matter of Jamar A.*, 86 NY2d 387, 391-392 [1995]; *Matter of Jamel C.*, 302 AD2d 457 [2003]; *Matter of Jermaine B.*, 249 AD2d 468 [1998]). Miller, J.P., Luciano, Lifson and Covello, JJ., concur.