Matter of Yadiells G. (2018 NY Slip Op 01156)





Matter of Yadiells G.


2018 NY Slip Op 01156


Decided on February 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Andrias, Gesmer, JJ.


5751 5750

[*1]In re Yadiells G., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


George E. Reed, Jr., White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Aaron M. Bloom of counsel), for presentment agency.



Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about December 11, 2015, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act that, if committed by an adult, would constitute the crime of assault in the third degree, and imposed a conditional discharge for a period of 12 months, unanimously affirmed, without costs.
The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The record supports the inference that appellant, and another boy with whom he acted in concert, caused physical injury to the victim. Even if appellant was not accessorially liable for the acts of a third boy, the evidence, including the victim's medical records and eyewitness testimony about the specific acts of appellant and his accomplice, established that the victim had already sustained physical injury within the meaning of Penal Law § 10.00(9) before being attacked by the third boy.
Appellant's arguments that he was deprived of his statutory and constitutional rights to a speedy fact-finding hearing are unpreserved (see Matter of Traekwon I., 152 AD3d 431, 432 [1st Dept 2017]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Although the overall delay was extensive, all adjournments were on consent, and they were satisfactorily explained in any event. In addition, appellant was not subjected to any pre-hearing incarceration. To the extent appellant is suggesting that the speedy trial rights of a juvenile are, or should be, nonwaivable, that suggestion is contrary to law (see e.g. id.; Matter of Diogenes V., 245 AD2d 42, 43 [1st Dept 1997]; Matter of Nelson R., 232 AD2d 315 [1st Dept 1996], affd 90 NY2d 359 [1997]).
We have considered appellant's remaining arguments, and find that none of them warrant reversal or modification of the delinquency adjudication.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2018
CLERK