Matter of Tyrin M. (2022 NY Slip Op 03325)





Matter of Tyrin M.


2022 NY Slip Op 03325


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 


Docket No. D-7110/20 Appeal No. 15974 Case No. 2021-01116 

[*1]In the Matter of Tyrin M., a Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


Larry S. Bachner, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Deborah E. Wassel of counsel), for presentment agency.



Order of disposition, Family Court, New York County (Emily M. Olshansky, J. at fact-finding determination; Carol Goldstein, J. at disposition), entered on or about March 3, 2021, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree, and placed him on level one probation for a period of nine months, unanimously affirmed, without costs.
Appellant's challenge to his admission is unpreserved, and the narrow exception to the preservation requirement does not apply. We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal. Appellant's ultimate admission, which is controlling, established all of the necessary elements of criminal mischief in the fourth degree, notwithstanding any contradictory statements appellant may have made at a prior proceeding. Furthermore, pursuant to Penal Law § 145.13, appellant is deemed to have damaged the property of another person when he broke a door in the family home where he resided.
Under the specific circumstances of this case, in which the record shows that appellant and his mother had an adversarial relationship, that she was the complainant in the delinquency petition, and that neither appellant nor his counsel requested her presence, the court providently proceeded in the absence of appellant's mother (see Family Court Act § 341.2[3]; Matter of Deiby C. , 73 AD2d 602, 604 [1st Dept 2010]; see also Matter of Willie E. , 88 NY2d 205, 210 [1996]). Because appellant had reached the age of 18 during the proceedings, the court did not err in accepting counsel's waiver of the assignment of a guardian ad litem.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022